212

(914 P.2d 960)
No. 72,391

STATE OF KANSAS, *Appellee,* v. THOMAS W. PENNY, *Appellant.*

Opinion filed April 5, 1996.

*Bruce W. Simon,* of Kansas City, and *Frank L. Austenfeld,* of Overland Park, for appellant.

*Joe E. Lee,* assistant county attorney, *Rodney H. Symmonds,* county attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before BRAZIL, C.J., RULON and KNUDSON, JJ.

KNUDSON, J.: The defendant, Thomas William Penny, appeals his conviction for possession of cocaine with intent to sell within 1,000 feet of a school in violation of K.S.A. 1993 Supp. 65-4127a(d).

The underlying facts in this case are not in material dispute. Penny purchased cocaine from a police informant. He was arrested and charged with several crimes, including violation of 65-4127a. At jury trial, he was convicted of all offenses.

During deliberations, the jury requested that the court clarify the elements instruction regarding violation of K.S.A. 1993 Supp. 65-4127a. The instruction as given conformed to PIK Crim. 3d 67.13-B. The jury wanted to know if the instruction meant that the defendant must intend to sell the cocaine within 1,000 feet of the school property. The judge informed the jury that was not a re-

quirement under the instruction. We note that the court's communications with the jury regarding instructions is not an issue on appeal.

Subsequently, the court, in the presence of counsel, had further discussion with the presiding juror regarding the verdict form under count I which charged Penny with a violation of 65-4127a. As initially provided to the jury, the verdict form stated: "We, the jury, find the defendant guilty as charged in Count I of possession with the intent to sell, deliver or distribute a narcotic drug, to-wit: cocaine, within 1,000 feet of school property."

The following exchange regarding the verdict form occurred during the chamber conference with the presiding juror:

"[Presiding Juror]: The prepositional phrase at the end of that sentence appears to modify intent to sell; and we, as a jury, feel that he did not have an intent to sell within a school. We feel that the phrase within a thousand feet of a school property needs to be closer to possession. I'm sorry, I'm an English teacher. It appears to us that the way that reads is that the defendant not only possessed the drugs within a thousand feet of a school but that he also intended to sell them in that location at some point and we aren't happy with the way the phrasing is done on it. That was our thinking. That was the reason we had so much trouble explaining our question is because the way that is written is a little bit different than the way that the jury instructions are written. And we were in disagreement about exactly what it meant, whether it was this way and whether it was the jury instructions; and it appears that the jury instructions were the way—the true intent of the verdict. And we don't think that that accurately portrays what the jury instructions do. And what your note says, that he did not have to intend to sell the cocaine within a thousand feet of a school. That make sense?

. . . .

"[Presiding juror]: Judge, I have four jurors in there who refuse to vote guilty on the charge as it stands on the verdict form because the way it reads indicates that he was intending to sell drugs within a thousand feet of school, and those of us on the jury don't believe that was his intent. Speaking very frankly, and I realize both counsel are here, but speaking frankly that is the belief of, well, virtually the entire jury. But there are at least four jurors who refuse to vote guilty the way it is written.

. . . .

"[Presiding juror]: Is it not possible to have that one phrase moved?"

After the presiding juror went back to the jury room, the court conferred with counsel and then modified the verdict form to read:

"We the jury, find the defendant guilty as charged in Count I of possession of a narcotic drug, cocaine, within 1,000 feet of school property with intent to sell, deliver or distribute."

Shortly after the jury received the modified verdict form, the jury found Penny guilty as charged.

. On appeal, Penny contends that 65-4127a(d) is unconstitutionally vague as to the proscribed conduct. He further contends that the trial court erred in its modification of the verdict form upon which he was found guilty.

Resolution of the issues raised by Penny depends upon an interpretation of K.S.A. 1993 Supp. 65-4127a which read in material part:

"(b) . . . [I]t shall be unlawful for any person to sell, offer for sale, or have in such person's possession with intent to sell . . . any . . . narcotic drugs . . . . Except as provided . . . , any person who violates this subsection shall be guilty of a drug severity level 3 felony.

"(d) . . . [U]pon conviction of any person for a first offense pursuant to subsection (b), such person shall be guilty of a drug severity level 2 felony if such person is 18 or more years of age and the substances involved were possessed with intent to sell, deliver or distribute; sold or offered for sale *in or on, or within 1,000 feet of any school property* . . . ." [Emphasis added.]

Interpretation of a statute is a question of law. An appellate court's review of a question of law is unlimited. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

"The standard for determining whether a criminal statute is vague is whether the language conveys a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice. A statute which either requires or forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application is violative of due process." *Boatright v. Kansas Racing Comm'n*, 251 Kan. 240, Syl. ¶ 2, 834 P.2d 368 (1992).

Ordinarily, unless a law impinges upon explicit constitutional guarantees, it will not be held unconstitutional for vagueness unless it specifies no standard of conduct at all. *Hearn v. City of Overland Park*, 244 Kan. 638, 641, 772 P.2d 758, *cert. denied* 493 U.S. 976 (1989).

The conduct proscribed by 65-4127a(d) impairs no explicit constitutional guarantee and cannot be said to be incapable of any valid application. A law capable of valid application to any given set of circumstances is not unconstitutionally vague. See *Boatright v. Kansas Racing Comm'n.*, 251 Kan at 245.

We do not agree with defendant's premise that 65-4127a(d) is reasonably susceptible to more than one interpretation. We base our opinion upon a reading of the statute, legislative history, and the judicial opinions of other jurisdictions that have considered this very issue under comparable statutes.

We believe that 65-4127a(d) is only subject to one construction that is reasonable. It is intended to provide enhanced punishment for offenders who commit certain acts prohibited under 65-4127a(b) if committed within 1,000 feet of school property. Any other construction ignores consideration of the harm to be prevented—drug dealing within the protected school zone.

Legislative history also does not support Penny's interpretation of the statute. In *State v. Swafford*, 20 Kan. App. 563, 890 P.2d 368 (1995), this court considered whether the defendant's knowledge of the proximity of a school to the location of the drug sale was an element of the offense. In its discussion, this court had the following to say about the legislative history of the statute: "The substance of the statute and the legislative history cited by Swafford show that [K.S.A. 1993 Supp. 65-4127a(d)] was modeled after similar statutes enacted in many other jurisdictions. The original model is the federal 'schoolyard statute,' 21 U.S.C. § 860 (1990)." 20 Kan. App. 2d at 566.

The court went on to state:

"The legislative history cited by Swafford reveals that, like the federal schoolyard statute on which it was modeled, 65-4127a[d] was intended to create drug-free school zones. It was designed to protect young people from drug use and the violence and other negative influences that accompany drug dealing. Children are exposed to these negative influences when drug deals are conducted near schools regardless of whether the dealers know they are within 1,000 feet of a school.

"Requiring proof that Swafford knew a school was within 1,000 feet could impose an onerous burden on police and prosecutors, which would be contrary to the clear purpose of the statute." 20 Kan. App. 2d at 567.

It is axiomatic that a drug deal occurs when a dealer buys drugs, not just when a dealer sells drugs. It was the clear intent of the Kansas Legislature to establish drug-free zones in and around schools. Penny's suggested construction of 65-4127a(d) is wholly inconsistent with legislative intent that has been clearly expressed. Also, just as in *Swafford*, such a construction would place an onerous burden on police and prosecutors.

We have also reviewed decisional law from other jurisdictions that have statutes similar to 65-4127a(d). We will not extend this opinion with a detailed analysis of those cases. However, decisions of the federal circuit courts that have considered this same issue under the comparable federal schoolyard statute, 21 U.S.C. § 860 (1994), are considered persuasive. Each of the circuit courts that have considered this issue have concluded that mere possession with intent to sell elsewhere is sufficient. See *U.S. v. Lloyd*, 10 F.3d 1197, 1218 (6th Cir. 1993), *cert. denied* 128 L. Ed. 2d 213, 128 L. Ed. 2d 893, 130 L. Ed. 2d 147 (1994); *U.S. v. McDonald*, 991 F.2d 866, 868-69 (D.C. Cir. 1993); *U.S. v. Rodriguez*, 961 F.2d 1089, 1091-93 (3d Cir. 1992); *U.S. v. Wake*, 948 F.2d 1422, 1429-31 (5th Cir. 1991), *cert. denied* 504 U.S. 975 (1992).

We hold 65-4127a(d) to be neither vague nor ambiguous and agree with the district court's interpretation of the statute.

There is one additional issue that we wish to address. Penny also contends that the district court usurped the authority of the jury to decide the facts of the case by altering the verdict form after being informed the jury could not agree on a unanimous verdict under count I of the information. The defendant does not contend the verdict form as ultimately amended was inconsistent with the district court's instructions of law. We construe his concern to be that the district court's amendment of the verdict form was tantamount to an impermissible comment upon the evidence.

Our standard of review is abuse of discretion:

"Judicial discretion is abused if judicial action is arbitrary, fanciful, or unreasonable, which is another way of stating that discretion is abused only if no reasonable person would take the view adopted by the trial court. If reasonable persons could differ regarding the propriety of the action taken by the trial court, it cannot be

said that the trial court abused its discretion." *State v. Warden*, 257 Kan. 94, 116, 891 P.2d 1074 (1995).

Penny's argument is without merit. The presiding juror made it clear to the trial judge that the jury was confused because the verdict form was inconsistent with the modified instructions. The judge changed the wording of the verdict form to comport with the court's modified instructions of law. The district court neither made any factual determination nor solved any factual dispute by its amending of the verdict form. Because we have decided the district court correctly interpreted 65-4127a(d), it did not err in amending the verdict form.

Affirmed.