06-1099-cr(L)
United States v. Douglas

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

August Term, 2007

(Argued: May 7, 2008)                                    Decided: September 25, 2008)

Docket Nos. 06-1099-cr(L); 06-4115-cr(con)

_____

UNITED STATES OF AMERICA,
*Appellee,*

*-v.-*

GODFRIED MARTIN, GARFIELD DOUGLAS,
*Defendants-Appellants.*

_____

BEFORE:     HALL and LIVINGSTON, *Circuit Judges*, and OBERDORFER, *District Judge.*[*]

Appeal from the judgment of the United States District Court for the Eastern District of

New York (Block, *Judge*), sentencing Defendants-Appellants Godfried Martin and Garfield

Douglas to terms of imprisonment of seventeen and twenty-seven months, respectively.

Defendants-Appellants were convicted after a jury trial of conspiring to distribute and conspiring

to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and

841(b)(1)(D), and possession with intent to distribute more than five grams of marijuana within

one thousand feet of a public elementary school in violation of 21 U.S.C. §§ 860(a) and

841(a)(1).  We hold that 21 U.S.C. § 860(a) applies to a defendant who possesses with intent to

distribute a controlled substance, regardless of whether the defendant had the specific intent to

_____

[*] The Honorable Louis F. Oberdorfer, United States District Judge for the District of
Columbia, sitting by designation.

distribute such substance within the one-thousand-foot-radius. We also reaffirm this Court's holding, in *United States v. Falu*, 776 F.2d 46, 50 (2d Cir. 1985), that the "schoolyard statute" is one of strict liability such that a defendant can violate the statute's terms without knowing that he was within one thousand feet of a school. We affirm.

_____

BARRY S. TURNER, New York, New York, *for Defendant-Appellant* Martin.

NORMAN TRABULUS, New York, New York, *for Defendant-Appellant* Douglas.

JONATHON NATHANSON, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, *on the brief*), for Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, New York, *for Appellee.*

_____

PER CURIAM:

Defendants-Appellants Godfried Martin and Garfield Douglas appeal from the district court judgment sentencing them to terms of imprisonment of seventeen and twenty-seven months, respectively, after their convictions for conspiring to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(D), and possession with intent to distribute more than five grams of marijuana within one thousand feet of a public elementary school in violation of 21 U.S.C. §§ 860(a) and 841(a)(1). On appeal, Martin argues that under § 860(a) the Government was required to prove as an element of the crime that he had knowledge of the proximity of the school. Additionally, both Martin and Douglas argue that their convictions under § 860(a) should be reversed because the district court incorrectly determined that § 860(a) did not require the Government to prove that they had the requisite intent specifically to distribute the marijuana within one thousand feet of a public

2

school.[1]  We disagree, and for the reasons that follow hold that § 860(a) applies to a defendant who possesses a controlled substance within one thousand feet of a school with the intent to distribute that controlled substance anywhere.  We also reaffirm this Court's holding, in *United States v. Falu*, 776 F.2d 46, 50 (2d Cir. 1985), that the schoolyard statute is one of strict liability such that a defendant can violate the statute's terms without knowing that he was within one thousand feet of a school.

### I. Background

In October 2004, the Government filed a superseding indictment alleging that in January 2004, Martin and Douglas had: (1) conspired to distribute and to possess with intent to distribute marijuana; (2) possessed with intent to distribute more than five grams of marijuana within one thousand feet of a public elementary school; and (3) carried and used a firearm in furtherance of a drug trafficking crime.  At trial, the parties stipulated that the parking lot where defendants were apprehended was within one thousand feet of a public elementary school.  After the close of evidence at trial, the Defendants moved for acquittal, arguing that § 860(a) required the Government to prove that they had knowledge of the proximity of the school.  The district court denied the motions, noting: (1) that this Court had determined that a predecessor statute did not contain a knowledge requirement; and (2) although the issue was not raised by the parties, that the statute did not require the Government to demonstrate that the defendants intended to distribute the marijuana within 1000 feet of a public school.  With respect to the jury charge applicable to § 860(a), the district court instructed the jury that "the defendant need not know that

---

[1] Douglas raises an additional argument challenging the sentence imposed by the district court.  We address this argument in a separate summary order filed simultaneously with this opinion.

he was within one thousand feet of a school, nor intend to possess with intent to distribute drugs there. The government need only prove that the defendant possessed the controlled substance within one thousand feet of a public elementary school and intended to distribute it somewhere."

After deliberating, the jury convicted the Defendants of the narcotics conspiracy and schoolyard counts, but acquitted them of the firearm count. This appeal followed.

## II. Discussion

Section 860(a) provides for enhanced penalties for "[a]ny person who violates [21 U.S.C. § 841(a)(1)] by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of," *inter alia*, "the real property comprising a public or private elementary . . . school." The Defendants argue that the district court erred in instructing the jury that the Government was not required to prove either that the Defendants were aware of the proximity of the school or that they intended to distribute the marijuana within the distance from the school proscribed by the statute.

### A.    Intent to Distribute Within One Thousand Feet of a School

This Court has not addressed the question of whether § 860(a) requires the Government to prove that a defendant intended to distribute a controlled substance within one thousand feet of the relevant school. Those Circuits that have considered the issue have answered the question in the negative. *See, e.g., United States v. Harris*, 313 F.3d 1228, 1239 (10th Cir. 2002); *United States v. Ortiz*, 146 F.3d 25, 28-30 (1st Cir. 1998); *United States v. Lloyd*, 10 F.3d 1197, 1218 (6th Cir. 1993); *United States v. McDonald*, 991 F.2d 866, 868-71 (D.C. Cir. 1993); *United States v. Rodriguez*, 961 F.2d 1089, 1090-95 (3d Cir. 1992); *United States v. Wake*, 948 F.2d 1422, 1429-34 (5th Cir. 1991). The Defendants advance several arguments in support of their

4

claim that § 860(a) requires the Government to prove that they intended to distribute the controlled substance within the one-thousand-foot radius proscribed by the statute. We address each in turn.

### 1. Statutory Language

The Defendants first rely on the language of the statute itself, arguing that the phrase "within one thousand feet of" modifies the word "distribute" in the phrase "possessing with intent to distribute." According to the Defendants, had Congress intended for the specifying phrase to modify "possessing," it could have unambiguously said so by omitting the words "with intent to distribute" from the statute. The Defendants argue that Congress's inclusion of the words "with intent to distribute" specified "that the intended place of distribution must be in the schoolyard zone." Further, the Defendants note that the phrase "within one thousand feet of" is closer to the word "distribute" than to the word "possessing," and, thus, should be construed to modify "distribute."

The Defendants' focus on the inclusion of the phrase "possession with intent to distribute" is misplaced. As the Fifth Circuit noted in *Wake*, the phrase "possession with intent to distribute" denotes a particular category of possession – felony possession, which is made a felony in § 841(a)(1) – characterized by the possession of a sufficient quantity of narcotics to raise an inference that the defendant intends to distribute them. *See Wake*, 948 F.2d at 1430-31. According to the Fifth Circuit, "the clause in issue, 'possessing with intent to distribute', equates with 'felony possession.' Therefore, by substituting 'felony possession' for 'possessing with intent to distribute', the statute would proscribe 'distributing, [felony possession], or manufacturing within one thousand feet of . . . a . . . school.'" *Id*. at 1431 (alterations in

5

original). Under this reasoning, the schoolyard statute clearly criminalizes the possession, within one thousand feet of a public school, of a quantity of narcotics sufficient to create an inference that an individual intends to distribute them. *Id*. ("We view the statute as clear in proscribing the possession, within the school zone, of a felony quantity of a controlled substance–that is, an amount that evidences an intent to distribute the drugs somewhere.").

Other Circuits have also rejected arguments similar to the Defendants' argument that, based on their proximity to one another in the text of the statute, the phrase "within one thousand feet" must modify the word "distribute" in the phrase "possessing with intent to distribute." *See, e.g, Harris*, 313 F.3d at 1239. Several courts have noted that because possessing is the *actus reus* of "possessing with intent to distribute," an internally consistent reading of the statute requires adherence to the interpretation advanced by the Government:

> [Section 860(a)] applies to three types of criminal conduct: distributing drugs, possessing drugs with the intent to distribute, and manufacturing drugs. In cases involving the distribution or manufacture of drugs, it is clear that the *actus reus* must occur within 1000 feet of a school. Accordingly, it is reasonable to interpret the statute as applying in the same way to the offense of possession with intent to distribute. Since the *actus reus* for this offense is possession, it follows the possession of the drugs, not the intended location for distribution, must be located within 1000 feet of a school.

*Rodriguez*, 961 F.2d at 1092; *see also Harris*, 313 F.3d at 1239; *Ortiz*, 146 F.3d at 28. The District of Columbia Circuit focused on the statute's use of gerunds in enumerating the offenses included in its prohibition. That court concluded that "[t]o give § 860(a) an internally consistent reading," all of its verbal nouns, including "possessing" in the phrase at issue here, "must be treated in the same manner. That is, when the 'possessing' is done near a school, § 860(a)" applies. *McDonald*, 991 F.2d at 869.

## 2. Legislative History and Purpose of § 860(a)

The Defendants also argue that the statute's legislative history is "unrevealing and inconclusive," because there is no legislative history explicitly providing that the statute was intended to prohibit possession, without more, within the designated areas. Given that we find the text of the statute unambiguous, there's no need to resort to legislative history in this case. *See Lee v. Bankers Trust Co.*, 166 F.3d 540, 544 (2d Cir. 1999) ("It is axiomatic that the plain meaning of a statute controls its interpretation, and that judicial review must end at the statute's unambiguous terms. Legislative history and other tools of interpretation may be relied upon only if the terms of the statute are ambiguous.") (citations omitted). The defendants' argument is erroneous in any event. The schoolyard statute was first enacted in 1984 and, at that time, proscribed only the distribution of drugs within one thousand feet of a school. *See* 21 U.S.C. § 845(a) (1985) (now 21 U.S.C. § 860). In 1988, Congress amended the statute to include "possession with intent to distribute" to the list of offenses covered by the statute. *See* Pub. L. No. 100-690, § 6457, 102 Stat. 4181, 4373 (1988). At the time of the amendment, Senator Biden submitted an analysis of the amendment on behalf of the Senate Judiciary Committee, of which he was chair, in which he stated that the offense had been added "so that the enhanced penalties would apply to someone apprehended near a school with a quantity of drugs sufficient to indicate an intention to distribute." 134 Cong. Rec. S17,360, S17,365 (daily ed. Nov. 10, 1988) (statement of Sen. Biden). The Defendants deflect Senator Biden's statement by arguing that it was intended to describe a drug dealer apprehended just before he distributed a large amount of narcotics within one thousand feet of a school. Nothing in the senator's comments, however, either evokes such an image of, or expressly limits § 860(a)'s reach to, situations in which the

7

distribution will necessarily occur within the prohibited area. The Defendants' argument on this point is equally unavailing.

Finally, the Defendants argue that the purpose of the statute is served by limiting its scope to those defendants who intended to distribute controlled substances within one thousand feet of a school. In support, the Defendants point to this Court's determination that the previous version of the schoolyard statute, § 845a, was "designed to deter drug distribution in and around schools, including transactions which take place in remote outdoor areas, at local hangouts, or at nearby homes or apartments, thereby helping to eliminate outside negative influences around schools." *United States v. Falu*, 776 F.2d 46, 50 (internal quotation marks). Yet, in relying on *Falu*, the Defendants cite to only a portion of this Court's description of the purpose of the schoolyard statute. They overlook our broader description of the statute as intended "to create a drug-free zone around schools." *Id*. Further, we decided *Falu* before the statute was amended to include offenses other than distributing controlled substances. To the extent that the Defendants may find refuge in some of its language, the reasoning of that case should not be construed to limit the application of amendments that were made after it was decided. Congress's decision to amend the statute to include offenses such as "possessing with intent to distribute," and "manufacturing" made it clear that Congress did not intend to confine the schoolyard statute's scope to those cases in which a defendant intended to distribute drugs near a school. Rather, "Congress was more broadly concerned about serious drug crimes that occur in proximity to schools." *Rodriguez*, 961 F.2d at 1092. The amendments to the statute demonstrate that Congress was focused on prohibiting drug activity near schools, and not on the mental state of the individual engaged in that activity. Accordingly, we hold that 21 U.S.C. § 860(a) applies to a defendant who possesses

8

with intent to distribute a controlled substance, regardless of whether the defendant had the specific intent to distribute such substance within a one-thousand-foot radius of a school.

## B.      Knowledge of Proximity of School

In *Falu*, this Court determined that the schoolyard statute was one of strict liability such that a defendant could violate its terms without knowing that he had distributed narcotics within one thousand feet of a school. 776 F.2d at 50. As discussed above, at the time we decided *Falu*, the schoolyard statute was codified at § 845a, and it did not yet proscribe conduct other than the actual distribution of drugs. Neither the subsequent recodification of the statute nor the inclusion of additional prohibited conduct provides any basis for this Court to determine that the holding of *Falu* no longer applies to the schoolyard statute. We, therefore, reaffirm its applicability here.

## III. Conclusion

The reasoning of our fellow Circuits, as well as legislative history of § 860(a) and this Court's prior recognition, in *Falu*, of the broader purpose of the schoolyard statute, compel the conclusion that § 860(a) applies to a defendant who possesses a controlled substance within one thousand feet of a public school with the intent to distribute that controlled substance regardless of whether the defendant specifically intended that the distribution be within a one-thousand-foot radius of a school. Further, we reaffirm this Court's holding in *Falu*, and hold that the schoolyard statute in its present form remains a strict liability offense for which a defendant may be convicted regardless of his knowledge of the proximity of a school. The district court properly instructed the jury in this case. We affirm.