USA v. Spears

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of September, two thousand ten.

PRESENT: DENNIS JACOBS,
                            **Chief Judge**,
             REENA RAGGI,
                            **Circuit Judge**,
             JED S. RAKOFF,
                            **District Judge**.[*]

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

             **Appellee**,

             **-v.-**                                    09-3527-cr

TREVOR SPEARS, also known as Bunji,
also known as Vegas, also known as
Lunch-Box,

--------------------

[*] District Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

**Defendant-Appellant**.

- - - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**      Michael Young (Lisa Scolari, Law Office of Lisa Scolari, on the brief), New York, NY.

**FOR APPELLEE:**      James P. Loonam, Assistant United States Attorney (Jo Ann M. Navickas and Daniel S. Silver, Assistant United States Attorneys, on the brief), for Loretta E. Lynch, United States Attorney for the Eastern District of New York, United States Attorney's Office for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-appellant Trevor Spears appeals from the judgment of conviction entered by the United States District Court for the Eastern District of New York (Ross, J.), following a jury trial. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

[1]  Spears argues that his use of a firearm in relation to heroin dealing activity was double-counted. That conduct formed the basis of his Count Five conviction for a violation of 18 U.S.C. § 924(c)(1)(A)(i), for which the district court sentenced Spears to 60 months of imprisonment to run concurrently with all other terms of imprisonment. That conduct also formed the basis of a two level weapon enhancement in the advisory Guidelines calculation of the sentence for the Count Four conviction, pursuant to U.S.S.G. § 2D1.1(b)(1). Notwithstanding the government's contention, we identify no true waiver of this argument precluding even plain error review. See United States v. Quinones, 511 F.3d 289, 321 & n.21 (2d Cir. 2007). Rather, we treat the unpreserved challenge as forfeited, review for plain error, and find none.

Spears relies on Application Note 4 to U.S.S.G. § 2K2.4, which provides in relevant part that "[i]f a sentence under [§ 924(c)] is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." U.S.S.G. § 2K2.4 cmt. n.4. However, this guidance becomes ambiguous--and certainly is not "clear or obvious," United States v. Deandrade, 600 F.3d 115, 119 (2d Cir. 2010) (internal quotation marks omitted)--as to whether the two level weapon enhancement for the underlying offense applies when the § 924(c) sentence is imposed *concurrently* pursuant to our holdings in United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), and United States v. Williams, 558 F.3d 166 (2d Cir. 2009). The Guidelines background commentary does not appear to contemplate concurrent sentences:

> A sentence imposed pursuant to [18 U.S.C. § 924(c)] must be imposed to run *consecutively* to any other term of imprisonment. To avoid double counting, when a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for explosive or firearm discharge, use, brandishing, or possession is not applied in respect to such underlying offense.

U.S.S.G. § 2K2.4 cmt. background (emphasis added). Accordingly, any error in applying the two level weapon enhancement was not plain error. See United States v. Whab, 355 F.3d 155, 158 (2d Cir. 2004) ("For an error to be plain, it must, at a minimum, be clear under current law. We typically will not find such error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." (internal quotation marks and citations omitted)).

[2] Spears contends that the district court erred in calculating the drug quantities attributable to him based on speculation rather than specific evidence. But the testimony of the cooperating witnesses on this issue is based in part on personal observation and knowledge of Spears's drug dealing activities, and even the sharing of customers between Spears and certain cooperators. Such testimony is circumstantial evidence supporting the district court's quantity findings by a preponderance of the

3

evidence.  See United States v. Jones, 531 F.3d 163, 175 (2d Cir. 2008); see also U.S.S.G. § 2D1.1 cmt. n.12.

[3]  Spears challenges the reasonableness of his sentence based on the disparity between his sentence of 282 months of imprisonment and the lower sentences imposed on his co-defendants.  But a sentencing "disparity between *non-similarly situated* co-defendants is not a valid basis for a claim of error under 18 U.S.C. § 3553(a)(6)."  United States v. Fernandez, 443 F.3d 19, 28 (2d Cir. 2006).  Each of the six co-defendants cited by Spears pleaded guilty to one count of heroin distribution conspiracy, whereas a jury convicted Spears of seven narcotics counts and one firearm count.  Moreover, the district court made specific factual findings regarding Spears's "lengthy criminal history that includes substantial violent criminality," further differentiating Spears from his co-defendants.  We therefore find no error in the procedural, see Fernandez, 443 F.3d at 30 ("[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors."), or substantive, see United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (in banc) ("We will instead set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." (internal quotation marks omitted)), reasonableness of Spears's sentence.

[4]  Spears concedes that the jury instruction regarding school proximity for Counts Six and Seven--charging violations of 21 U.S.C. § 860(a)--accords with Second Circuit precedent.  But he nevertheless argues that specific knowledge of school proximity should be required for a conviction under that statute.  We disagree.  "[T]he schoolyard statute is one of strict liability such that a defendant can violate the statute's terms without knowing that he was within one thousand feet of a school."  United States v. Martin, 544 F.3d 456, 457 (2d Cir. 2008) (per curiam).

We have considered all of Spears's contentions on this appeal and have found them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED.**

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK