NOT DESIGNATED FOR PUBLICATION

No. 116,275

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICHOLAS ALONZO MOORE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed November 3, 2017. Affirmed in part and remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Laura L. Miser*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MCANANY, P.J., STANDRIDGE, J., and WALKER, S.J.

PER CURIAM: Nicholas Alonzo Moore was convicted after a trial before a judge without a jury of distribution of marijuana, possession of THC, possession with intent to distribute marijuana within 1,000 feet of school property, possession of cocaine, felony possession of drug paraphernalia, and misdemeanor possession of drug paraphernalia. In challenging his convictions on appeal, Moore claims the complaint was improperly amended, the evidence presented at trial was insufficient to support some of the charges, and two of his convictions are for the same offense. For the reasons stated below, we affirm Moore's convictions but remand the matter with directions for the district court to

1

enter a nunc pro tunc journal entry of judgment to correct clerical errors in the original journal entry on counts 2 and 4.

FACTS

On August 6, 2015, Lyon County law enforcement officers set up a controlled purchase of marijuana using a confidential informant named Bobby Oliver. Emporia Police Officer Dominick Vortherms led the investigation with Lyon County Sheriff's Office Deputy Heath Samuels. Emporia Police Department Officer Todd Ayer and Detective Kelly Davis were brought into the investigation to assist with surveillance. Vortherms and Samuels went to Oliver's apartment. Oliver contacted a dealer he knew only as "Seven," from whom he had purchased marijuana previously. Seven agreed to sell Oliver seven grams of marijuana that day for $110 behind the Kwik Shop at 12th and Merchant in Emporia. Oliver advised the officers that Seven drove a gray Chevy Impala.

Officer Vortherms searched Oliver to make sure he had no cash or contraband on him. Vortherms then wired Oliver and gave him $110 of Lyon County Sheriff's Imprest Fund money, which he previously had photocopied in order to track the serial numbers. Vortherms observed Oliver leave his apartment and walk toward the Kwik Shop and then contacted Officer Ayer and Detective Davis, who were in unmarked police vehicles along the route to observe the transaction. Davis watched Oliver walk through the Kwik Shop parking lot and around the corner to the back of a nearby house.

Officer Ayer saw a gray Chevy Impala pull up to the back of the house next to the Kwik Shop and then observed Oliver walk across the Kwik Shop parking lot to the vehicle. Detective Davis saw a man who he later identified as Moore meet Oliver outside the house. Oliver and Moore exchanged the marked money for a baggie of marijuana. After the exchange, Moore went into the back door of the house. Oliver walked back to his apartment and gave Officer Vortherms and Deputy Samuels the product he received

2

from Moore, which testing later confirmed was marijuana. Vortherms searched Oliver again to confirm that he did not have any additional contraband on him, and the transaction was complete.

Officer Ayer and Detective Davis observed Moore leave the house, drive to a business called Triad Leasing, and go in. After Moore left, Davis followed Moore's vehicle. Meanwhile, Ayer went into Triad Leasing and determined Moore had made a cash payment on his account. Part of the payment included a $50 bill that matched the serial number of the recorded Imprest money.

Deputy Samuels pulled Moore's vehicle over for a traffic violation. He arrested Moore and advised him of his *Miranda* rights. Samuels searched Moore and found two bundles of money in his pocket secured with rubber bands. One of the bundles included $60 that matched serial numbers of the recorded Imprest money. When Moore was in Samuels' police car, he told Samuels, "'You got me this time,'" and threatened to harm the confidential informant who had assisted the officers.

Officer Vortherms and Detective Davis inventoried the vehicle. They found marijuana residue in a center console ashtray and a small piece of vegetation on the floorboard under the driver's seat. The vegetation later tested positive for THC, the active ingredient in marijuana.

Later that day, Deputy Samuels and Detective Davis went to Moore's residence on Chestnut Street in Emporia. Cheryl Benitez, who lived with Moore at that time, answered the door. The officers informed her that Moore had been arrested and asked if there were any other drugs or paraphernalia in the house. Benitez allowed the officers into the residence and handed them a suitcase she said belonged to Moore. Benitez said Moore previously had instructed her to hand over the suitcase if anything happened and he was in trouble. The contents of the bag included five plastic cups with green vegetation

3

residue, two digital scales with green residue, a partial box of fold-top sandwich bags, a glass pipe commonly used to smoke marijuana, a grinder, a vaporizer, green vegetation in a plastic tub that later tested positive for marijuana, and a plastic bag containing cocaine. The residence was within 1,000 feet of an elementary school.

Based on the sale to Oliver and the possession of drugs and paraphernalia at his residence, the State charged Moore with distribution of marijuana, felony possession of THC, possession of marijuana with intent to distribute within 1,000 feet of a school, possession of cocaine, felony possession of drug paraphernalia, and misdemeanor possession of drug paraphernalia. At Moore's request, the trial was held before a judge without a jury. The court found Moore guilty as charged and sentenced him to 115 months in prison.

ANALYSIS

On appeal, Moore argues (1) count 4 was improperly amended from distribution of marijuana within 1,000 feet of school property to possession of marijuana with intent to distribute within 1,000 feet of school property and there was insufficient evidence to convict him under the original complaint; (2) there was insufficient evidence to convict him of possession of marijuana with intent to distribute within 1,000 feet of a school; (3) his convictions for distribution of marijuana and possession of marijuana with an intent to distribute were multiplicitous; and (4) he was improperly convicted of felony possession of THC. We address each of Moore's arguments in turn.

1. *Count 4*

Moore first argues the State did not properly amend count 4 of its complaint from *distribution* of marijuana within 1,000 feet of a school to *possession with intent to distribute* marijuana within 1,000 feet of a school, so the original complaint controlled.

4

Consequently, he contends the evidence at trial was insufficient to prove distribution of marijuana as charged in the original complaint.

### a. *Preservation*

As an initial matter, the State contends we should not consider this issue because Moore did not raise it to the district court. Generally, issues not raised below are not properly before this court on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). There are exceptions to the general rule, including that the newly asserted claim involves only a question of law arising on proved or admitted facts and is finally determinative of the case. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Moore contends that this exception applies. But the State argues the exception does not apply here because Moore's claim is actually one alleging a defect in the charging document. An allegation of defect in the charging documents may not be made for the first time on appeal. *State v. Dunn*, 304 Kan. 773, 818-19, 375 P.3d 332 (2016).

A defective complaint is one that either (1) fails to show that the document has been filed in the correct court and territorial jurisdiction is proper, (2) fails to allege facts that, if proven beyond a reasonable doubt, show the commission of a Kansas crime, or (3) fails to meet the constitutional standards of providing the defendant with due process and adequate notice of the charges. *Dunn*, 304 Kan. at 815. But Moore makes no claim that the second amended complaint has missing, inadequate, or incorrect elements. His sole claim is that the State's trial evidence did not prove a violation of the crime charged in the original complaint, which it contends was the controlling charge due to an improper amendment procedure. As framed by Moore, the claim presents only a question of law arising on proved or admitted facts and is finally determinative of the case. For this reason, we will consider it for the first time on appeal.

b. *Propriety of amendment*

Moore originally was charged in count 4 with distribution of marijuana within 1,000 feet of a school. The complaint read:

"**Count 4 - Distribute Marijuana or Certain Hallucinogenic; within 1000 ft school**
"That on or about the 6th day of August, 2015, in Lyon County, Kansas, Nicholas Alanzo Moore, then and there being present did unlawfully, feloniously and intentionally, *distribute*[*d*] less than 25 grams of an hallucinogenic drug, to wit: Marijuana, a Schedule I drug as listed in K.S.A. 2013 Supp. 65-4105(d) and amendments thereto, and said act was committed within 1,000 feet of school property. In violation of K.S.A. 2013 Supp. 21-5705(a)(4) & (d)(2)(A) & (d)(5), and against the peace and dignity of the State of Kansas." (Emphasis added.)

At the October 28, 2015 preliminary hearing, the State presented evidence supporting count 4. Detective Davis testified that he went to Moore's residence after Moore was arrested and obtained a suitcase belonging to Moore, within which he discovered a tub of vegetation that tested positive for marijuana and paraphernalia that indicated an intent to distribute. Notably, there was no evidence before the district court that Moore distributed the marijuana found at Moore's residence. To that end, the court made the following remark in assessing the evidence to support probable cause on count 4:

"THE COURT: . . . Well, there is probable cause to believe, and this is a probable cause hearing, that . . . the following crimes were committed and the defendant committed those crimes . . . . Actually, charged in Count 4 is distributing marijuana, but the actual—the statute number is actually possession with intent to distribute—
"[The State]: Yes.
"THE COURT: —as set forth in Count 4, within 1,000 feet of a school."

6

Although the State expressed agreement with the district court, it did not expressly state whether it intended to charge Moore with possession with intent to distribute marijuana instead of distribution, nor did it request permission to amend count 4 to reflect that change. The State did request permission at this hearing, however, to amend the complaint in order to dismiss count 3 and to add a count for possession of methamphetamine. After discussing those particular proposed amendments, the court approved the State's request to dismiss count 3 but denied the request to add a count for possession of methamphetamine. Notwithstanding the court's comments regarding probable cause in count 4 and the court's permission to amend the complaint to dismiss count 3, the State did not file an amended complaint after this hearing.

Approximately, three months later, during a pretrial hearing on February 2, 2016, the State again brought up the issue of amending the complaint, this time seeking to amend count 2 and dismiss counts 3 and 6. The court granted the State's request. The State filed an amended complaint the next day. The amended complaint did not make any change to count 2 as contemplated but did omit counts 3 and 6. The amended complaint also modified the offense charged in count 4 consistent with the court's remarks at the probable cause hearing. Although the State amended the distribution of marijuana charge within 1,000 feet of a school to possession with intent to distribute marijuana within 1,000 feet of a school, the State inadvertently failed to change the title of the charge to reflect that amendment. Thus, as it relates to count 4, the amended complaint stated:

> "**Count 4 - *Distribute* Marijuana or Certain Hallucinogenic; within 1000 ft school**
> "That on or about the 6th day of August, 2015, in Lyon County, Kansas, Nicholas Alanzo Moore, then and there being present did unlawfully, feloniously and intentionally, *possessed with intent to distribute* less than 25 grams of an hallucinogenic drug, to wit: Marijuana, a Schedule I drug as listed in K.S.A. 2013 Supp. 65-4105(h) and amendments thereto, and said act was committed within 1,000 feet of school property. In violation of K.S.A. 2013 Supp. 21-5705(a)(7) & (d)(2)(A) & (d)(5), and against the peace and dignity of the State of Kansas." (Emphasis added.)

7

The trial proceeded on the charges listed in the amended complaint. Like at the preliminary hearing, the evidence presented at trial with regard to count 4 exclusively related to Moore's possession with intent to distribute marijuana within 1,000 feet of a school; no evidence was presented tending to prove that he actually distributed the marijuana located in his residence. The court found Moore guilty of possession with intent to distribute marijuana within 1,000 feet of a school, as charged in count 4 of the amended complaint.

Based on the facts as presented above, Moore contends the State did not properly amend count 4 from distribution of marijuana to possession with intent to distribute marijuana. More specifically, Moore claims K.S.A. 22-3201(e) requires the court to *expressly* grant permission for an amendment to be effective, and because the court did not expressly grant the State permission to amend count 4, the original complaint alleging distribution controlled as to that charge.

Under K.S.A. 22-3201(e), the district court "may permit a complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced." Based on clear language of this statute, the district court has discretion to permit the State to amend the complaint before the verdict if (1) the amendment does not charge an additional or different crime and (2) the substantial rights of the defendant are not prejudiced by the amendment. *State v. Calderon-Aparicio*, 44 Kan. App. 2d 830, 847, 242 P.3d 1197 (2010).

Notably, Moore does not discuss whether possession with intent to distribute is an additional crime or a crime different from distribution of marijuana, nor does Moore allege his substantial rights were prejudiced. Moore instead focuses on the statutory language stating a district court "may permit" the State to amend an information. Relying on this language, Moore argues that any change not expressly permitted by the district

8

court is prohibited. But Moore fails to cite any authority to support his argument. In fact, this court previously has rejected the argument. In *State v. Ricke*, No. 113,852, 2016 WL 4736779 (Kan. App. 2016) (unpublished opinion), the State originally charged Ricke with theft by unauthorized control. At her preliminary hearing, the State moved to amend the charge to reflect new evidence regarding the date range and value of the theft. The district court granted permission to change the date and value and bound Ricke over on the amended charge. However, when the State filed its amended complaint, it not only changed the date and value of the theft, but also it changed the charge of theft by unauthorized control to theft by deception. The case proceeded to trial, where evidence presented referred to "theft" generally without specifying whether it was by deception or unauthorized control. 2016 WL 4736779, at *2. The jury was instructed on theft by unauthorized control, the verdict form related solely to that charge, and the jury convicted Ricke of theft by unauthorized control. Yet the journal entry of judgment indicated Ricke was convicted of theft by deception—apparently per the amended complaint. Ricke argued the trial evidence did not support her conviction of theft by deception. The State claimed that the conviction should be upheld because its amendment was ineffective.

The State made two arguments in support of its claim, both of which the district court rejected. First, the State argued that the amendment of the charge from theft by unauthorized control to theft by deception was a mistake. But this court held that the State is bound by the wording of its charging document, citing *State v. McClelland*, 301 Kan. 815, Syl. ¶ 4, 347 P.3d 211 (2015). The court also noted that testimony at the preliminary hearing was inconclusive with regard to whether Ricke was being bound over on theft by unauthorized control or by deception. *Ricke*, 2016 WL 4736779, at *4-5.

Second, and relevant here, the State argued that because the district court only granted permission to amend the date range and value of the theft, the additional change to amend the charge to theft by deception was not permitted by the court under K.S.A. 22-3201(e). In making this argument, the State focused on the "may permit" language in

9

the statute and asserted that "any change not expressly permitted by the district court is prohibited." *Ricke*, 2016 WL 4736779, at *5. Rejecting that argument, the court held:

"We do not read the statute so narrowly, given the broad discretion granted to the district court and to the prosecution in amending before trial. Our Supreme Court has held: 'Whether to allow the amendment of a complaint before trial is subject to the district court's discretion. This court consistently has given the State considerable latitude in amending a complaint prior to trial.' *State v. Bischoff*, 281 Kan. 195, Syl. ¶ 8, 131 P.3d 531 (2006). 'Prior to trial, the prosecution is given wide discretion in amending the information as to form and substance. *State v. Smith*, 225 Kan. 796, 798, 594 P.2d 218 (1979).' *State v. Foy*, 227 Kan. 405, 408, 607 P.2d 481 (1980). Accordingly, we do not find the amendment to theft by deception to be outside the State's authority." 2016 WL 4736779, at *5.

Turning back to the facts in this case, the district court granted the State permission to amend its complaint to make various changes, such as amending count 2 and dismissing counts 3 and 6. The State concedes that the court did not expressly grant permission to amend count 4 from distribution to possession with intent to distribute marijuana within 1,000 feet of a school. But it asserts the court implicitly granted such permission, and, in fact, likely presumed the State would amend count 4, when it advised the parties at the preliminary hearing that there was only probable cause to bind Moore over on count 4 for possession with intent to distribute marijuana and the State agreed with the court by stating, "Yes." We agree with the State, especially given the considerable latitude district courts give the State in amending complaints prior to trial. See *State v. Bischoff*, 281 Kan. 195, Syl. ¶ 8, 131 P.3d 531 (2006).

Having determined the court permitted the amendment, we have resolved the issue presented by Moore on appeal with regard to amending count 4 of the complaint. Moore has made no argument on appeal that the court's decision to allow the amendment fails to conform to the statutory directive in K.S.A. 22-3201(e). Notwithstanding his failure to

10

raise the issue, we conclude possession with intent to distribute is not a crime different from distribution of marijuana and the amendment does not prejudice Moore's substantial rights. With regard to lack of difference between the crimes, both distribution and possession with intent to distribute marijuana are prohibited under K.S.A. 2015 Supp. 21-5705(a) ("It shall be unlawful for any person to *distribute or possess with the intent to distribute*." [Emphasis added.]). And both crimes fall within the same severity level under K.S.A. 2015 Supp. 21-5705(d)(2)(A), (d)(5) (distribution or possession with the intent to distribute less than 25 grams of marijuana within 1,000 feet of any school property is a severity level 5 felony).

With regard to lack of prejudice, Moore was on notice he had been charged with possession with intent to distribute, not distribution of, marijuana within 1,000 feet of a school. The State's evidence at the preliminary hearing established Moore possessed marijuana at his home, which was within 1,000 feet of an elementary school; the judge referred to possession with intent to distribute at the preliminary hearing; and the State's February 3, 2016 amendment to its complaint was well in advance of the April 11, 2016 trial. The State's evidence at trial also exclusively related to possession rather than distribution.

For the reasons stated above, we find no impropriety in the State's amendment to count 4 of the complaint charging possession with intent to distribute marijuana within 1,000 feet of a school.

c. *Sufficiency of the evidence to support actual distribution*

Based on our finding that the district court did not err in permitting the State to amend count 4, the State was not required to prove the charge in the original complaint: that Moore distributed marijuana within 1,000 feet of school property. For this reason,

11

Moore's claim that there was insufficient evidence to support actual distribution within 1,000 feet of a school necessarily fails.

2. *Sufficiency of the evidence to support possession with intent to distribute*

Moore contends that even if count 4 was properly amended, there was insufficient evidence to prove he possessed marijuana with intent to distribute within 1,000 feet of school property because there was no evidence about *where* Moore intended to distribute the marijuana.

When the sufficiency of the evidence is challenged in a criminal case, the appellate court must consider all of the evidence in a light most favorable to the prosecution and then determine whether a rational jury could have found the defendant guilty beyond a reasonable doubt. *State v. Parker*, 282 Kan. 584, 597, 147 P.3d 115 (2006). This court does not reweigh the evidence, resolve evidentiary conflicts, or make witness credibility determinations, which would usurp the role of the jury. *State v. Frye*, 294 Kan. 364, 375, 277 P.3d 1091 (2012).

Moore was convicted in count 4 pursuant to K.S.A. 2015 Supp. 21-5705(a), which states in relevant part:

> "(a) It shall be unlawful for any person to distribute or possess with the intent to distribute any of the following controlled substances or controlled substance analogs thereof:
> . . . .
> (7) any substance designated in subsection (h) of K.S.A. 65-4105, and amendments thereto.
> . . . .
> "(d)(5) For any violation of subsection (a), the severity level of the offense shall be increased one level if the controlled substance or controlled substance analog was

12

distributed or possessed with the intent to distribute on or within 1,000 feet of any school property."

Moore contends it is unclear whether the phrase "on or within 1,000 feet of any school property" in subsection (d)(5) modifies the possession of the marijuana or also the intent to distribute it. In other words, he contends there is a fair reading of the statute that requires the State to prove he intended the distribution to occur on or within 1,000 feet of school property. To the extent the resolution of this issue involves statutory interpretation, this court has unlimited review. See *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Moore acknowledges that a panel of this court previously has determined this issue against his position in *State v. Penny*, 22 Kan. App. 2d 212, 215, 914 P.2d 960 (1996). In that case, Penny was convicted for possession of cocaine with intent to sell within 1,000 feet of a school. Penny argued that K.S.A. 1993 Supp. 65-4127a(d), a precursor statute to K.S.A. 2015 Supp. 21-5705(d)(5), was unconstitutionally vague as to what conduct it proscribed. The court disagreed, holding: "The prepositional phrase . . . 'in or on, or within 1,000 feet of any school property,' does not modify 'with intent to sell.'" 22 Kan. App. 2d 212, Syl. ¶ 2. Thus, the statute "does not require for conviction that a defendant intend to sell drugs within the protected school zone." 22 Kan. App. 2d 212, Syl. ¶ 3. The court relied on the plain language of the statute and its legislative history:

> "We believe that [K.S.A. 1993 Supp.] 65-4127a(d) is only subject to one construction that is reasonable. It is intended to provide enhanced punishment for offenders who commit certain acts prohibited under 65-4127a(b) if committed within 1,000 feet of school property. Any other construction ignores consideration of the harm to be prevented—drug dealing within the protected school zone.
>
> "Legislative history also does not support Penny's interpretation of the statute. In *State v. Swafford*, 20 Kan. App. 2d 563, 890 P.2d 368 (1995), this court considered

13

whether the defendant's knowledge of the proximity of a school to the location of the drug sale was an element of the offense. In its discussion, this court had the following to say about the legislative history of the statute: 'The substance of the statute and the legislative history cited by Swafford show that [K.S.A. 1993 Supp. 65-4127a(d)] was modeled after similar statutes enacted in many other jurisdictions. The original model is the federal "schoolyard statute," 21 U.S.C. § 860 (1990).' 20 Kan. App. 2d at 566.

"The court went on to state:

'The legislative history cited by Swafford reveals that, like the federal schoolyard statute on which it was modeled, 65-4127a[d] was intended to create drug-free school zones. It was designed to protect young people from drug use and the violence and other negative influences that accompany drug dealing. Children are exposed to these negative influences when drug deals are conducted near schools regardless of whether the dealers know they are within 1,000 feet of a school.

'Requiring proof that Swafford knew a school was within 1,000 feet could impose an onerous burden on the police and prosecutors, which would be contrary to the clear purpose of the statute.' 20 Kan. App. 2d at 567.

"It is axiomatic that a drug deal occurs when a dealer buys drugs, not just when a dealer sells drugs. It was the clear intent of the Kansas Legislature to establish drug-free zones in and around schools. Penny's suggested construction of 65-4127a(d) is wholly inconsistent with legislative intent that has been clearly expressed. Also, just as in *Swafford*, such a construction would place an onerous burden on police and prosecutors." 22 Kan. App. 2d at 215-16.

Moore urges this court to disapprove *Penny*'s holding. We decline to do so. Federal courts interpreting the federal schoolyard statute have held similarly. See, e.g., *United States v. Harris*, 313 F.3d 1228, 1239 (10th Cir. 2002) ("We find the reasoning of our sister courts persuasive and adopt it as the law of this circuit: the government must prove that the defendant possessed illegal drugs within 1,000 feet of a school and intended to distribute them *somewhere*."); see also *United States v. Martin*, 544 F.3d 456, 460 (2d Cir. 2008) (federal schoolyard statute applies to a defendant who possesses a

14

controlled substance within 1,000 feet of a public school with the intent to distribute that controlled substance regardless of whether the defendant specifically intended that the distribution be within a 1,000-foot radius of a school); *United States v. Ortiz*, 146 F.3d 25, 28-30 (1st Cir. 1998); *United States v. Lloyd*, 10 F.3d 1197, 1218 (6th Cir. 1993); *United States v. McDonald*, 991 F.2d 866, 868-71 (D.C. Cir. 1993); *United States v. Rodriguez*, 961 F.2d 1089, 1090-95 (3d Cir. 1992); *United States v. Wake*, 948 F.2d 1422, 1429-34 (5th Cir. 1991).

Moore concedes there was evidence presented at trial to establish he possessed a suitcase containing a tub of marijuana at his residence on Chestnut Street, which was within 1,000 feet of an elementary school. Moore also concedes there was evidence presented at trial regarding the amount of marijuana discovered and its close proximity to paraphernalia, the combination of which could establish that the marijuana was intended for sale. The evidence, when viewed in the light most favorable to the prosecution, was sufficient for the jury to determine that Moore possessed marijuana with intent to distribute within 1,000 feet of a school.

3. *Multiplicity*

Moore argues the district court erred in convicting him of both distribution of marijuana in count 1 and possessing marijuana with the intent to distribute within 1,000 feet of school property in count 4 because the convictions are multiplicitous; in other words, the two convictions really just constitute one offense for which he is receiving multiple punishments. In support of this argument, Moore claims he possessed with the intent to distribute the marijuana at his house at the same time he distributed marijuana to Oliver at the Kwik Shop.

The issue of multiplicity is a question of law, over which this court's review is unlimited. *State v. Sprung*, 294 Kan. 300, 306, 277 P.3d 1100 (2012); *State v. Colston*,

15

290 Kan. 952, 971, 235 P.3d 1234 (2010), *overruled on other grounds by State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016).

Moore did not raise this issue to the district court. He asks this court to consider his argument for the first time on appeal because it is a purely legal issue that is necessary to serve the ends of justice and prevent denial of his fundamental rights. See *State v. Rizo*, 304 Kan. 974, 978-79, 377 P.3d 419 (2016). The State does not dispute that this court generally reviews the issue of multiplicity for the first time on appeal. See, e.g., *Colston*, 290 Kan. at 971 (considering multiplicity issue for first time on appeal to serve the ends of justice or prevent the denial of fundamental rights).

Multiplicity is the charging of a single offense in several counts of a complaint. Multiplicity offends the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and § 10 of the Kansas Constitution Bill of Rights when the improper splitting of a single offense into multiple counts results in multiple punishments following conviction of those counts. See *State v. Schoonover*, 281 Kan. 453, 475, 133 P.3d 48 (2006).

> "[T]he overarching inquiry is whether the convictions are for the same offense. There are two components to this inquiry, both of which must be met for there to be a double jeopardy violation: (1) Do the convictions arise from the same conduct? and (2) By statutory definition are there two offenses or only one? [Citations omitted.]" 281 Kan. at 496.

The first component of the multiplicity inquiry requires this court to determine whether the conduct is discrete or unitary. If the conduct is discrete, the convictions do not arise from the same offense and there is no double jeopardy violation. But if the charges arose from the same act or transaction, then the conduct is unitary and this court must move to the second component of the inquiry. *Sprung*, 294 Kan. at 307.

16

To determine whether convictions arose from unitary conduct, *Schoonover* identified the following factors:

> "(1) whether the acts occur at or near the same time; (2) whether the acts occur at the same location; (3) whether there is a causal relationship between the acts, in particular whether there was an intervening event; and (4) whether there is a fresh impulse motivating some of the conduct." 281 Kan. at 497.

Here, the facts clearly reflect the charges arise from two discrete acts. The charge for distribution of marijuana in count 1 arises from Moore's sale of seven grams of marijuana to Oliver during the controlled sale at the house near the Kwik Shop at 12th and Merchant in Emporia. The charge for possession with intent to sell marijuana within 1,000 feet of a school in count 4 comes from the marijuana found in the search of Moore's house on Chestnut Street after the controlled transaction was complete. Therefore, under the first and second prongs of the test, the acts did not occur at or near the same time or location.

Under the third prong of the test, this court looks to see if there is a causal relationship between the acts or if there was an intervening event. Here, the evidence supporting count 4 was that Moore possessed marijuana at his residence with an intent to distribute it in the future. The evidence supporting count 1 was that Moore sold seven grams of marijuana to Oliver. There is no apparent causal connection between the two acts. Even if the events were somehow causally connected, they were two separate events as shown by Moore leaving over 10 grams of marijuana in his residence and taking only 7 grams of marijuana to sell to Oliver. Accordingly, the multiplicity test reflects that Moore's convictions under counts 1 and 4 did not arise from unitary conduct; thus, the charges based on the two events were not multiplicitous and the district court did not err.

4. *Felony possession of THC*

Finally, Moore contends he should have been convicted of misdemeanor, not felony, possession of THC because he did not have the prior conviction for possession of THC necessary to elevate the severity of his crime under K.S.A. 2015 Supp. 21-5706(c)(2)(B).

Moore did not raise this issue to the district court. He asks this court to consider his argument for the first time on appeal because it is a purely legal issue. See *Phillips*, 299 Kan. at 493. The State concedes that the issue may be raised to this court.

At the time of Moore's arrest, officers discovered a small amount of vegetation in Moore's car, which later tested positive for THC. Moore was originally charged in count 2 with possession of "[m]arijuana and/or its active ingredient, Tetrahydr[o]cannabinol," i.e., THC. At the February 2, 2016 pretrial hearing, the State sought to amend count 2 of its complaint to allege solely possession of THC. The district court granted the State's request. However, the State's amended complaint, filed the next day, did not alter count 2. Moore argues, and the State concedes, that the orally amended complaint was nevertheless immediately effective. See, e.g., *State v. Nunn*, 244 Kan. 207, Syl. ¶ 18, 768 P.2d 268 (1989) (where oral motion to amend is sustained on record before verdict is rendered, amendment is effective, absent prejudice to defendant, even where prosecution does not memorialize amendment until after trial). While the journal entry records the conviction as felony possession of marijuana, the parties do not dispute that Moore was convicted in count 2 of possession of THC under K.S.A. 2015 Supp. 21-5706(b)(7).

Possession of THC is generally a class A nonperson misdemeanor offense. K.S.A. 2015 Supp. 21-5706(b)(7), (c)(2)(A). However, the violation can be elevated to a felony under certain circumstances pursuant to K.S.A. 2015 Supp. 21-5706(c)(2)(B), which states:

18

"(B) violation of subsection (b)(1) through (b)(5) or (b)(7) is a drug severity level 5 felony if that person has a prior conviction under such subsection, under K.S.A. 65-4162, prior to its repeal, under a substantially similar offense from another jurisdiction, or under any city ordinance or county resolution for a substantially similar offense if the substance involved was 3, 4-methylenedioxymethamphetamine (MDMA), marijuana as designated in subsection (d) of K.S.A. 65-4105, and amendments thereto, or any substance designated in subsection (h) of K.S.A. 65-4105, and amendments thereto, or an analog thereof."

Moore claims there was no evidence that he had "a prior conviction under such subsection," which he contends is limited to a conviction under subsection (b)(7) for THC. As such, Moore argues the district court erred in elevating his THC conviction to a felony. Interpretation of a statute is a question of law over which this court exercises unlimited review. *Collins*, 303 Kan. at 473-74. The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). This court first attempts to determine legislative intent through the statutory language enacted, giving common words their ordinary meanings. When a statute is plain and unambiguous, an appellate court must give effect to the legislature's intent as expressed rather than determining what the law should or should not be. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016).

Moore's prior conviction falls squarely under K.S.A. 2015 Supp. 21-5706(c)(2)(B). The State provided the court with a presentence investigation (PSI) report showing that Moore's criminal history includes a prior conviction in May 2013 for possession of marijuana. Although the PSI report mistakenly designated the prior possession of marijuana conviction as a violation of K.S.A. 65-4162, this clerical mistake does not prohibit the offense from being used as a prior possession of marijuana conviction in sentencing Moore here. K.S.A. 65-4162, the statute cited in the PSI report, was repealed effective July 1, 2009, when the Legislature enacted K.S.A. 2009 Supp. 21-

36a06 as the new statute criminalizing possession of marijuana. In 2011, the Legislature renumbered that offense and moved it to K.S.A. 2011 Supp. 21-5706(b)(3). Under subsection (c) of the renumbered statute, the Legislature specifically states that a violation for possession of THC is a drug severity level 5 felony if the defendant "has a prior conviction" for possession of marijuana. K.S.A. 2015 Supp. 21-5706(c)(2)(B). At trial, the State provided a certified copy of a municipal court record showing Moore's prior conviction for possession of marijuana in May 2013. So again, the fact that the PSI report cited to the wrong statute for Moore's prior conviction is immaterial to the outcome in this matter. The district court did not err in convicting Moore of felony possession of THC.

For the reasons stated above, we affirm Moore's convictions but remand the matter with directions for the district court to enter a nunc pro tunc journal entry of judgment to correct clerical errors in the journal entry related to counts 2 and 4. A journal entry of judgment may be corrected "at any time" by a nunc pro tunc order. See K.S.A. 22-3504(2). That statute is part of the Kansas Code of Criminal Procedure. It provides that "[c]lerical mistakes in judgments . . . and errors in the record arising from oversight or omission may be corrected by the court at any time" on proper notice. K.S.A. 22-3504(2). Where it applies, then, this statute would provide jurisdiction for a court to consider changes to a criminal judgment even though the normal appeal time had already run. To determine whether this statute applies to our situation, we must consider what constitutes a clerical mistake or an error arising from oversight or omission.  Black's Law Dictionary defines a "clerical error" as one "resulting from a minor mistake or inadvertence and not from judicial reasoning or determination." Black's Law Dictionary 659 (10th ed. 2014). That is consistent with Kansas law. Under statutes applicable in both civil and criminal cases, the district court can enter an amended order (called a "nunc pro tunc" or "now for then" order) to correct a clerical error. But a nunc pro tunc order cannot be used to correct a decision deliberately made by the court exercising its judicial discretion. See *State v. Potts*, 304 Kan. 687, 708-09, 374 P.3d 639 (2016); *Book v. Everitt Lumber Co., Inc.*, 218

Kan. 121, 125, 542 P.2d 669 (1975) (citing *Wallace v. Wallace*, 214 Kan. 344, 348-49, 520 P.2d 1221 [1974]).

In this case, the parties agree that Moore was convicted in count 2 of possession of THC under K.S.A. 2015 Supp. 21-5706(b)(7) but that the journal entry identifies the conviction as felony possession of marijuana. And, although Moore challenges the propriety of the amendment to count 4 in the first instance, he does not dispute that he was convicted of possession with the intent to distribute marijuana as set forth in count 4 of the amended complaint. Thus, the journal entry of judgment on count 2 reflecting a conviction for marijuana and on count 4 reflecting a conviction for distribution of marijuana are clerical errors and do not represent decisions deliberately made by the court in exercising its judicial discretion. As a result, we must remand this matter with directions for the district court to enter an order nunc pro tunc with regard to count 2, which should reflect a conviction for felony possession of THC under K.S.A. 2015 Supp. 21-5706(b)(7), and count 4, which should reflect a conviction for possession with the intent to distribute less than 25 grams of marijuana within 1,000 feet of any school property under K.S.A. 2015 Supp. 21-5705(a), (d)(2)(A), and (d)(5).

Affirmed in part and remanded with directions.