No. 50,289

STATE OF KANSAS, *Appellee,* v. STEVEN A. SMITH, *Appellant.*

(594 P.2d 218)

Opinion filed May 5, 1979.

*David L. Patton,* of Smith & Patton, of Dodge City, argued the cause and was on the brief for the appellant.

*Judd Dent,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal in a criminal action from a jury verdict which found Steven A. Smith (defendant-appellant) guilty of one count of felony murder (K.S.A. 21-3401) and one count of felony theft (K.S.A. 1978 Supp. 21-3701).

On appeal the appellant contends the trial court erred in allowing pretrial amendment of the information; in overruling his motion for judgment of acquittal; and in admitting evidence which was prejudicial to him.

The appellant and Brian Lee Pratt occupied a house in Dodge City, Kansas. On the evening of November 28, 1977, the appellant

went to a party at a friend's home where he remained until the early morning hours of November 29, 1977. He then proceeded across the street to the home of Harold Largent, the deceased.

Apparently Largent and the appellant began drinking together. Brian Pratt testified the appellant called him from Largent's house and asked for a ride home stating that "this nice old man" was nice enough to let me come and use his phone since my car won't run. Pratt testified the appellant did not own a car and he refused to pick him up.

Thereafter Brian Pratt next saw the appellant at approximately 7:30 the following morning when he returned home. The appellant allegedly proclaimed to Pratt, "You are looking at a full-fledged murderer. I killed the 'old man'." Pratt testified the appellant then produced two handguns and a shotgun and said he had killed Largent for nothing. He further stated he shot the victim once in the chest with the shotgun and twice in the head with a .22 caliber pistol. The appellant then went to bed.

Rather than call the police, Pratt devised a scheme whereby he purchased a bus ticket for the appellant to leave town. He then called the police and told them about the killing and reported the man who did it was leaving town on a bus and had an unpaid tax warrant. The appellant was subsequently arrested while attempting to board the bus later that afternoon. At the time of the arrest he was carrying a duffle bag which contained two handguns. The shotgun was never recovered.

The appellant made a statement to officers after his arrest in which he successively implicated himself in the crime. He was charged with the premeditated murder of Harold Largent and after the preliminary hearing was bound over for trial on that charge.

Three days before the trial, over the appellant's objection, the trial court allowed the prosecution to amend the information to charge the appellant with felony murder committed during the perpetration of a theft.

At the trial Brian Pratt testified, over objection, the appellant had stated on several occasions he knew an "old man" he was going to rob and he might possibly also have to kill him. Needless to say this testimony proved very damaging to the appellant. He then unsuccessfully moved for judgment of acquittal and dismissal, and the jury found him guilty of felony murder on June 8,

1978. His motion for a new trial was denied and appeal has been duly perfected.

The appellant argues he should have been afforded a new preliminary hearing on the amended information. He acknowledges the crime charged remained the same but contends he was confronted with an entirely different set of facts to defend.

K.S.A. 1978 Supp. 22-3201 provides in pertinent part:

"(4) The court may permit a complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced."

As a general rule prior to the commencement of the trial the prosecutor should be given wide discretion in amending the original information. A trial court may allow an amendment to an information in its discretion both as to form and substance after arraignment and plea before commencement of the trial. *State v. Osburn,* 216 Kan. 638, 641, 533 P.2d 1229 (1975). The inquiry under the statute is whether or not the circumstances of each case reflect prejudice to the defendant. Where the record fails to establish prejudice to the defendant's substantial rights, amendment any time before the verdict is proper. *State v. Howard,* 224 Kan. 208, 211, 579 P.2d 702 (1978); see also *State v. Johnson,* 223 Kan. 185, 190, 573 P.2d 595 (1977).

Here the appellant contends he was prejudiced by the failure to receive a second preliminary hearing on the amended information. However, the right to a preliminary examination is purely statutory. It is not mandated either by general constitutional privileges or the requirement of constitutional due process. *State v. Boone,* 218 Kan. 482, 484, 543 P.2d 945 (1975), *cert. denied* 425 U.S. 915 (1976). We have often stated a preliminary examination is not a trial of the defendant's guilt; it is rather an inquiry whether the defendant should be held for trial. *State v. Stewart,* 225 Kan. 410, 414, 591 P.2d 166 (1979); *State v. Turner,* 223 Kan. 707, 708, 576 P.2d 644 (1978); *State v. Porter,* 223 Kan. 114, 574 P.2d 187 (1977); *State v. Solem,* 220 Kan. 471, 474, 552 P.2d 951 (1976). The sufficiency of the preliminary examination must be challenged by a motion to dismiss under K.S.A. 22-3208. Failure to raise the question by such a motion constitutes a waiver and precludes review on appeal. *State v. Adams,* 218 Kan. 495, 499, 545 P.2d 1134 (1976); *State v. Smith,* 215 Kan. 34, 37, 523 P.2d 691 (1974).

It is difficult to see how the lack of a preliminary hearing substantially prejudiced the appellant's defense. The appellant does not state how the handling of his case has been prejudiced. At the hearing on the motion to amend where such showing could have been made, no concrete facts were produced. Moreover, the appellant failed to file a motion to dismiss. Unlike the situation in *State v. Foy,* 224 Kan. 558, 567, 582 P.2d 281 (1978), the appellant was put on notice prior to the trial and was not hindered in his defense. In fact, the same defenses were available to the appellant. Because the underlying felony of theft requires a specific intent, he could have used voluntary intoxication as a defense to demonstrate the inability to form a particular state of mind necessary for a specific intent crime. *State v. Edwards,* 224 Kan. 266, 271, 579 P.2d 1209 (1978); *State v. Rueckert,* 221 Kan. 727, 732, 561 P.2d 850 (1977).

We note the appellant did not have a formal arraignment on the amended information either. However, objection to formal arraignment is waived when a defendant goes to trial without objection and submits the question of his guilt to the jury. *State v. Warden,* 224 Kan. 705, 708-09, 585 P.2d 1038 (1978). Thus, no error occurred when the State was allowed to amend the information.

The appellant also contends the evidence does not support the felony murder conviction because there is no evidence he either attempted or committed the crime of theft. The State, on the other hand, contends the record is replete with evidence the appellant intended to commit the crime of theft and killed Harold Largent during the perpetration of the crime of theft.

Certain general rules are applicable. In order to invoke the felony murder rule under K.S.A. 21-3401, there must be proof that the homicide was committed in the perpetration of or an attempt to perpetrate a felony. This means there must be a direct causal connection between the commission of the felony and the homicide. *State v. Moffitt,* 199 Kan. 514, 534, 431 P.2d 879 (1967); see also 40 Am. Jur. 2d, Homicide § 73, p. 367; 40 C.J.S., Homicide § 21(b). Moreover, the underlying felony must be one inherently dangerous to human life. *State v. Moffitt,* 199 Kan. at 534. Thus, the State must establish the defendant committed a felony inherently dangerous to human life and the killing took place during the commission of the felony. *State v. Branch and Bussey,*

223 Kan. 381, 382, 573 P.2d 1041 (1978) and cases cited therein. Furthermore, the participants in the felony must reasonably foresee or expect that a life might be taken in the perpetration of a felony regardless of whether the killing was accidental or intentional. *State v. Branch and Bussey,* 223 Kan. at 383; see also *State v. Sullivan & Sullivan,* 224 Kan. 110, 120-21, 578 P.2d 1108 (1978). These questions are for the trial court and jury to decide in each case. *State v. Goodseal,* 220 Kan. 487, 493, 553 P.2d 279 (1976).

Serious question exists whether theft is an inherently and foreseeably dangerous felony to support the felony-murder rule. The issue has not been directly before the Kansas Supreme Court; however, in *State v. Smith,* 223 Kan. 203, 574 P.2d 548 (1977), our court upheld a felony murder conviction where the underlying felonies were both burglary and felony theft.

Our attention is directed to cases from other jurisdictions. In *People v. Phillips,* 64 Cal. 2d 574, 51 Cal. Rptr. 225, 414 P.2d 353 (1966), the California Supreme Court ruled that grand theft, viewed in the abstract, is not a felony inherently dangerous to human life for purposes of the felony-murder rule. The facts in this case involve grand theft medical fraud and are readily distinguishable from the case at bar.

In *The People v. Nowak,* 45 Ill. 2d 158, 258 N.E.2d 313 (1970), the defendant had stated he intended to "roll" the victim. Thereafter, he joined an accomplice in stealing the victim's money after the accomplice fatally stabbed the victim. The defendant contended theft was not a forcible felony as defined by the Illinois statute, but the court held the facts were clearly sufficient to establish the defendant's guilt of felony murder beyond a reasonable doubt.

Finally, in *State v. Thompson,* 280 N.C. 202, 185 S.E.2d 666 (1972), the defendant killed a sixteen-year-old boy while engaged in the perpetration of the crimes of felonious breaking and entering and felonious larceny. The North Carolina Supreme Court found him guilty of felony murder holding it looks to the circumstances surrounding the commission of the felony in order to assess whether it is inherently *or* foreseeably dangerous to human life. See also *State v. Chambers,* 524 S.W.2d 826 (Mo.), *cert. denied* 423 U.S. 1058 (1975); Annot., 50 A.L.R.3d 397, 405-08.

This court has previously rejected the abstract approach of the California courts in favor of testing both the crime itself and the manner in which it was committed for dangerous characteristics in *State v. Goodseal,* 220 Kan. at 493. The evidence in the instant case disclosed both the appellant and the deceased were drinking heavily the night of the murder. Brian Lee Pratt testified the appellant had previously stated he knew an "old man" he could roll. Pratt further testified the appellant said he would kill the "old man" if necessary.

In his initial interview with Tom Lyons of the Kansas Bureau of Investigation, the appellant stated he had joined the deceased in drinking and left. Thereafter, he changed his story and said the guns they were examining accidentally discharged. Finally, he stated he had gone to Largent's house to roll the "old man" and indicated that he had left with the guns after shooting Largent. Thus, under the evidence the trial court correctly found the collateral felony, theft, was an inherently and foreseeably dangerous felony sufficient to support the felony-murder rule.

The test for judgment of acquittal was recently stated in *State v. Racey,* 225 Kan. 404, 407, 590 P.2d 1064 (1979). Contrary to the appellant's assertion, the trial court did not err in refusing to grant the appellant's motion for judgment of acquittal under the facts presented here.

Finally the appellant objects to the admission of Brian Pratt's testimony that the appellant had alluded to the fact he knew "an old man" who could be robbed. Pratt admitted on cross-examination he did not know who the "old man" was, and it was supposition on his part the "old man" was Harold Largent.

Our court recently defined relevant evidence in *State v. Nicholson,* 225 Kan. 418, 420, 590 P.2d 1069 (1979) and cases cited therein. Rules from the cases provide: (1) relevancy does not necessarily mean the evidence bears directly on the case; (2) admissibility of the evidence rests largely within the discretion of the trial court; and (3) if the probative value of relevant evidence is outweighed by the danger the jury might be unduly prejudiced, it should be excluded.

Here the testimony was relevant and material. The appellant, on numerous occasions discussed previously, referred to the deceased as the "old man" and the probative value of the evidence outweighed the danger of jury prejudice. The jury was

correctly allowed to determine whether the "old man" referred to by the appellant in his conversations with Pratt and the "old man" who the appellant admitted he killed were the same individual. Thus, the trial court did not err in allowing the testimony of Brian Pratt.

The judgment of the lower court is affirmed.