No. 100,261

STATE OF KANSAS, *Appellee,* v. REGINALD PENNINGTON, *Appellant.*

(205 P.3d 741)

Opinion filed April 17, 2009.

*Reginald Pennington,* appellant, was on the brief pro se.

*John Bryant,* assistant district attorney, *Jerome A. Gorman,* district attorney, and *Stephen N. Six,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

NUSS, J.: Following this court's affirmance of Reginald Pennington's conviction for second-degree murder, he filed a motion for correction of an illegal sentence pursuant to K.S.A. 22-3504. The district court summarily denied the motion, and Pennington appeals. This court has jurisdiction because second-degree murder was an off-grid felony at the time the crime was committed. See K.S.A. 22-3601(b)(1); *State v. Thomas,* 239 Kan. 457, Syl. ¶ 2, 720 P.2d 1059 (1986) (jurisdiction over appeal of a motion to correct an illegal sentence lies with court that had jurisdiction to hear original appeal).

We affirm.

## FACTS

An Information charging Reginald Pennington with second-degree murder was filed in January 1997. After a preliminary hearing,

the trial court bound him over and arraigned him, but for the lesser included offense of voluntary manslaughter.

Approximately 2 weeks later the State filed an amended information, again charging Pennington with second-degree murder. The State requested that the trial court reconsider its decision and simply "introduce[d] by stipulation two exhibits," *i.e.*, Penningon's statement to the police and the autopsy report. No additional preliminary hearing was held.

That April, the trial court issued a memorandum decision finding probable cause to charge Pennington with second-degree murder. According to the decision, Pennington was bound over and "consistent with earlier statements by counsel" a formal plea of not guilty was entered on Pennington's behalf.

After a September 1997 jury trial, Pennington was convicted of second-degree murder and sentenced to life imprisonment with parole eligibility after 10 years. His conviction was affirmed by this court in *State v. Pennington*, No. 81,604, unpublished opinion filed March 10, 2000.

In January 2005, Pennington filed a motion to correct an illegal sentence under K.S.A. 22-3504, claiming several pretrial defects. He essentially argued that the prosecutor had committed misconduct by twice charging second-degree murder. Pennington also claimed that the State had not followed the correct procedure because it did not appeal the trial court's initial refusal to bind him over on second-degree murder, nor did it dismiss and then refile the charge.

Without a hearing or appointing counsel for Pennington, the district court denied the motion. Among other things, it held that there were no defects in the signing and execution of the information and that even if so, they did not deprive the trial court of jurisdiction to convict and to sentence Pennington.

## ANALYSIS

Issue: *The district court did not err in summarily denying Pennington's motion.*

Pennington claims the district court erred in denying him a full evidentiary hearing and appointment of counsel, as well as in ultimately denying his motion for correcting an illegal sentence.

We first acknowledge that K.S.A. 22-3504 does not automatically require a full hearing, or appointment of counsel, upon the filing of a motion to correct an illegal sentence. The district court first makes a preliminary examination of the motion. Based upon that examination, the motion can be denied " 'without a hearing or appointment of counsel if the district court determines the motion, files, and records of the case conclusively show the defendant is not entitled to relief.' " *State v. Howard*, 287 Kan. 686, 690, 198 P.3d 146 (2008) (quoting *State v. Hoge*, 283 Kan. 219, 224, 150 P.3d 905 [2007]).

Here, the district court summarily denied Pennington's motion, determining that the motion did not present a substantial question of law or triable issue of fact. Under such circumstances, our review is de novo. *Howard*, 287 Kan. at 691. Like the district court, we must determine whether Pennington's motion, records, and files conclusively show that he is entitled to no relief. See 287 Kan. at 691.

We next observe that K.S.A. 22-3504 only applies if a sentence is illegal. *State v. Deal*, 286 Kan. 528, 529, 186 P.3d 735 (2008). Whether a sentence is illegal is a question of law over which this court has unlimited review. 286 Kan. at 529. We have defined an illegal sentence under the statute as " 'a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized, or a sentence which is ambiguous with respect to the time and manner in which it is to be served.' " 286 Kan. at 529-30.

Pennington relies on the first basis, *i.e.*, that he was sentenced by a court without jurisdiction. Specifically, he again argues that the State failed to follow the correct procedure because it did not appeal the trial court's ruling refusing to bind him over on second-degree murder or dismiss and then refile the original charges. Pennington also argues that he was given neither a new preliminary hearing nor a new arraignment for the amended information. While the State presents a multitude of arguments for why Pennington should lose, we need look no further than *State v. Smith*,

225 Kan. 796, 594 P.2d 218 (1979), which is clearly dispositive in the State's favor.

In *Smith,* this court expressly rejected several of the same arguments which Pennington makes here. There, after preliminary hearing, defendant was bound over for trial on the State's charge of premeditated murder. Three days before trial, the State was allowed to amend the information to charge felony murder. Defendant conceded that the amendment did not change the original crime charged. However, he contended "he was confronted with an entirely different set of facts to defend." 225 Kan. at 798.

The *Smith* court began its analysis by acknowledging the wide discretion given the State in amending an information under K.S.A. 22-3201:

"As a general rule prior to the commencement of the trial the prosecutor should be given wide discretion in amending the original information. A trial court may allow an amendment to an information in its discretion both as to form and substance after arraignment and plea before commencement of the trial. [Citation omitted.] The inquiry under the statute is whether or not the circumstances of each case reflect prejudice to the defendant. Where the record fails to establish prejudice to the defendant's substantial rights, amendment any time before the verdict is proper. [Citations omitted.]" 225 Kan. at 798.

The court rejected the defendant's complaint that he was prejudiced by his failure to receive a new preliminary hearing on the amended information, holding that he had waived his right to make such a claim:

"[T]he right to a preliminary examination is purely statutory. It is not mandated either by general constitutional privileges or the requirement of constitutional due process. [Citation omitted.] . . . The sufficiency of the preliminary examination must be challenged by a motion to dismiss under K.S.A. 22-3208. *Failure to raise the question by such a motion constitutes a waiver and precludes review on appeal.* [Citations omitted.]" (Emphasis added.) 225 Kan. at 798.

The *Smith* court then rejected the related issue that defendant also had not been afforded a new formal arraignment on the amended information. It held that this right to object had also been waived: "[O]*bjection to formal arraignment is waived* when a defendant goes to trial without objection and submits the question of

his guilt to the jury. [Citation omitted.]" (Emphasis added.) 225 Kan. at 799.

As a result of defendant's waiver, the *Smith* court concluded that "no error occurred" when the State was allowed to amend the Information to felony murder. 225 Kan. at 799. Similarly, there is no error in the instant case.

*Smith* establishes that there can be no appealable error for a failure to have new preliminary hearings and new arraignments on an amended Information when defendant has failed to timely object. Here, there were no timely objections. Moreover, *Smith* establishes that even timely objections must be coupled with actual prejudice to the defendant's rights. Pennington has not articulated any particular prejudice, much less shown any. These failures likewise bar Pennington's arguments that the Information was amended without the State appealing the trial court's initial refusal to bind him over on second-degree murder or without dismissing and then refiling the original charges.

Based upon this Kansas case law, our de novo review requires us to conclude that the district court did not err in summarily denying Pennington's motion. His motion, files, and records of the case conclusively show that he was entitled to no relief.

Affirmed.

McFARLAND, C.J., not participating.

MARQUARDT, J., assigned.