NOT DESIGNATED FOR PUBLICATION

No. 119,180

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ARMANDO ORTIZ JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed March 15, 2019. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.


PER CURIAM: Armando Ortiz Jr. appeals, claiming the district court lacked jurisdiction when it modified his sentence from an illegal 24-month period of postrelease to lifetime postrelease supervision. Previously, Ortiz pled no contest to indecent solicitation of a child and aggravated battery. The district court's original sentence and grant of probation included an illegal 24-month postrelease period of supervision. Ortiz violated his probation, and the district court revoked his probation, ordering the imposition of the underlying sentence, including the illegal 24-month postrelease period. Later, the district court corrected the original postrelease sentence error to reflect the

1

statutorily mandated lifetime postrelease supervision period. We disagree with Ortiz and affirm.

FACTS

In 2011, Ortiz pled no contest to indecent solicitation of a child and aggravated battery. The district court sentenced him to 32 months' imprisonment and then granted supervised probation for 24 months with a 24-month postrelease supervision period should his probation be revoked. However at the time of Ortiz' sentencing, the district court was required under K.S.A. 2010 Supp. 22-3717(d)(1)(G) and (d)(2)(F) to impose a period of lifetime postrelease supervision for Ortiz' sexually violent crime.

In May 2012, the district court revoked Ortiz' probation and ordered him to serve his underlying sentence. Ortiz' counsel asked the district court to modify his underlying sentence to run concurrent instead of consecutive, but the district court said, "No." However, the journal entry of judgment erroneously stated Ortiz' postrelease period was vacated by operation of K.S.A. 2011 Supp. 22-3716(e). After discovering the error, the district court issued a nunc pro tunc order which amended the probation revocation journal entry to reflect Ortiz was required to serve a lifetime postrelease supervision period. The district court also deleted the portion, stating:  "No postrelease period to be served per K.S.A. 22-3716(e)."

In May 2015, Ortiz filed a motion to correct illegal sentence, arguing the district court erred in imposing a lifetime postrelease period because it was cruel and unusual punishment. The district court summarily denied this motion, stating a defendant may not litigate a constitutional issue through a motion to correct illegal sentence. Ortiz appealed this ruling. On appeal, the Court of Appeals held the district court erred by correcting an illegal period of postrelease through a nunc pro tunc order. *State v. Ortiz*, No. 116,478, 2017 WL 4558408, at *3 (Kan. App. 2017) (unpublished opinion). The panel found that

2

district courts should only use a nunc pro tunc order to correct clerical errors and the district court could not modify Ortiz' sentence outside the courtroom and without Ortiz being present. 2017 WL 4558408, at *3. The panel remanded the case and issued a mandate ordering the district court to resentence Ortiz with him present in court to the appropriate period of postrelease supervision. 2017 WL 4558408, at *3.

At the resentencing hearing, Ortiz argued he should not receive a lifetime postrelease supervision sentence because that was not the sentence pronounced from the bench at his revocation hearing. Ortiz asserted the district court could not now modify the sentence to impose a lifetime postrelease period. Ortiz argued his original 24-month postrelease sentence should be imposed because that is what the State offered in the plea agreement. Ortiz also claims the district court ordered him not to serve any postrelease supervision time at his probation revocation hearing, meaning the revocation sentence was not an oversight. Ortiz also argued the State failed to object to this sentence or appeal the decision.

The district court found Ortiz' probation violation was only relevant in terms of explaining why his sentence was bumped from a 24-month period to a lifetime period. The district court further explained: "[T]he fact that you weren't successful on probation really doesn't matter to me one way or the other in terms of the resentencing." The district court stated Ortiz made a persuasive argument he should receive a 24-month postrelease period based on the fact he bargained for it in the plea agreement. However, the State clarified the plea agreement never mentioned a 24-month postrelease period, rather 24 months was simply the sentence originally imposed.

Noting this clarification, the district court emphasized it would give Ortiz a 24-month postrelease period if it could but saw no way to do so. Instead, based off the Court of Appeals' mandate, the district court found it must sentence Ortiz to the appropriate period required by law, which was the lifetime postrelease period. The district court then

imposed the lifetime postrelease period with the underlying prison sentence remaining the same.

ANALYSIS

We have combined Ortiz' issues on appeal as one. Ortiz argues the district court on remand should have sentenced him to a 24-month postrelease supervision period. Ortiz asserts the district court had the statutory authority to impose this sentence at his revocation hearing and, because this was a statutorily permissible sentence, the district court no longer had jurisdiction to later modify this sentence.

Ortiz admits a district court does not have the authority to impose a postrelease supervision period less than the period required by statute at sentencing. Thus, Ortiz agrees his sentence was illegal when it was originally imposed. Still, Ortiz contends the district court may reduce a probationer's sentence upon revocation, such as his period of postrelease supervision. But he also argues the district court may not impose a sentence greater than the original underlying sentence. Ortiz now contends the imposition of a lifetime postrelease sentence on remand was greater than the underlying 24-month period of postrelease supervision he received at his first revocation hearing. However, Ortiz concedes the Kansas Supreme Court recently decided this issue adversely to his position. He asserts the holding is wrong.

Conversely, the State argues the district court correctly followed the mandate from this court. The State agrees the district court initially erred when it modified Ortiz' sentence to include lifetime postrelease out of court and without Ortiz present. On remand, the State argues the district court imposed the statutorily appropriate postsentence period in Ortiz' presence. The State also asserts because Ortiz' appellate complaint is not based on constitutional claims or due to an unfair imposition based on

4

his crime alone, the district court was required to follow the mandate to impose the appropriate lifetime postrelease sentence.

Whether a sentence is illegal is a question of law which receives unlimited review. *State v. Pennington*, 288 Kan. 599, 601, 205 P.3d 741 (2009). An illegal sentence is one that (1) is imposed by a court without jurisdiction; (2) does not conform to the applicable statutory provision, either in character or the period of authorized punishment; or (3) is ambiguous with respect to the time and manner it is to be served. K.S.A. 2018 Supp. 22-3504(3).

Ortiz' case is controlled by the recent Kansas Supreme Court decision in *State v. Sandoval*, 308 Kan. 960, 425 P.3d 365 (2018). *Sandoval* is factually and legally similar to Ortiz'. In *Sandoval*, the defendant pled guilty to aggravated indecent solicitation, and the district court granted him probation. The defendant received an underlying sentence of 34 months in prison with a 24-month postrelease supervision period. Sandoval should have received a mandatory lifetime postrelease supervision period under K.S.A. 22-3717(d)(1)(G). The district court subsequently revoked Sandoval's probation and ordered him to serve the underlying sentence, but it failed to change the 24-month postrelease period. The State later moved to correct the illegal postrelease sentence, and the district court accordingly corrected the underlying sentence to reflect a lifetime postrelease period. 308 Kan. at 961. This correction changed the defendant's revocation sentence to now include the lifetime postrelease period.

On appeal, Sandoval argued the district court's new lifetime postrelease sentence was greater than the 24-month postrelease sentence imposed at his revocation hearing in violation of K.S.A. 22-3716(b). However, the *Sandoval* court found the district court deliberately declined to modify the underlying sentence at his revocation hearing, thus it intended to impose the original underlying sentence. 308 Kan. at 965. This left the original postrelease period intact and in force even though it did not conform to the

statutory minimum of lifetime postrelease. 308 Kan. at 965. Because the postrelease period was illegal when originally imposed, it was also illegal under the revocation sentence. 308 Kan. at 965. The district court had the authority to correct the postrelease portion of the original sentence, thus, it could also correct the revocation sentence at the same time. 308 Kan. at 965.

The *Sandoval* court determined its case could be distinguished from *State v. McKnight*, 292 Kan. 776, 257 P.3d 339 (2011). In *McKnight*, the district court chose to impose a lesser sentence at the revocation hearing instead of the original underlying sentence. Because the district court chose to impose a lesser sentence, it imposed a new sentence, and the district court subsequently lacked jurisdiction to correct the sentence at any point after it pronounced the new sentence from the bench. *Sandoval*, 308 Kan. at 965; see *State v. Roth*, 308 Kan. 970, 972, 424 P.3d 529 (2018) (holding that defendant's revocation sentence could not later be "corrected" after the district court imposed a new sentence at the revocation hearing rather than imposing the original underlying sentence).

The court in *Sandoval* held the district court had the authority to correct the original postrelease supervision period to reflect the accurate lifetime postrelease period. The authority to correct also extended to the revocation sentence despite the fact Sandoval had already been sentenced to a 24-month postrelease period at his revocation hearing. In ruling, the *Sandoval* court stated:

> "Sandoval is correct that he ultimately is subject to a period of postrelease supervision longer than that pronounced as part of his original sentence. But the imposition of that period is a function of the State's allowable correction of an illegal original sentence that survived Sandoval's probation revocation, not of a new sentence pronounced as a result of that revocation. The correction did not conflict with the 'lesser sentence' language we have examined." 308 Kan. at 965.

6

Here, identical to *Sandoval*, the district court expressly declined to modify Ortiz' sentence at the revocation hearing and stated it was imposing the original underlying sentence. Ortiz is correct the district court could not impose a lifetime postrelease supervision period at revocation when Ortiz' underlying sentence only included a 24-month postrelease period, the original postrelease period imposed was illegal. The district court corrected the illegal sentence to accurately reflect a lifetime postrelease period for his original sentence. Under *Sandoval*, the authority to correct an illegal sentence survived Ortiz' probation revocation sentence, and the correction did not conflict with the "lesser sentence" requirement under K.S.A. 2011 Supp. 22-3716(b). Under *Sandoval*, the district court did not err in following this court's mandate to impose the appropriate postrelease supervision period on Ortiz at the remand hearing.

Next, Ortiz argues even if the district court has the right to modify his initial sentence, he should still be granted a new dispositional hearing on his revocation sentence. Ortiz admits he did not argue for a new hearing at the district court level, but he argues this court may hear this issue for the first time on appeal because it is purely a question of law based on stipulated facts that are determinative of this case.

Ortiz now asserts the district court is required to hold a dispositional hearing when a sentence is increased after a revocation disposition. Ortiz admits *Sandoval* controls here and the district court would be free to impose a lifetime postrelease period at the new dispositional hearing. However, the district court would also be free to impose a lesser sentence, thus he could benefit from a new hearing. The State argues this court is duty bound to follow the Kansas Supreme Court precedent in *Sandoval*. We agree with the State.

The defendant in *Sandoval* also argued "a remand to the district court for a new disposition hearing was required because his ultimate postrelease supervision period was not lesser but greater." 308 Kan. at 961. However, the *Sandoval* court did not agree for

7

the same reasons stated above. With respect to his probation revocation sentence, the defendant simply received the legally correct sentence, not a new sentence, thus the district court did not impose a greater sentence. Accordingly, a new disposition hearing was not necessary. "The Court of Appeals is duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its previous position." *State v. Medina*, 53 Kan. App. 2d 89, 98, 384 P.3d 26 (2016). There is no indication the Supreme Court is departing from its position in *Sandoval*. On remand, the district court had jurisdiction and Ortiz received the statutorily required sentence of lifetime postrelease. A new disposition hearing is not required.

Affirmed.