NOT DESIGNATED FOR PUBLICATION

No. 121,964

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

TONY LOVE,
*Appellant.*


MEMORANDUM OPINION


Appeal from Wyandotte District Court; R. WAYNE LAMPSON, judge. Opinion filed July 31, 2020.
Affirmed.


*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.


*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., BRUNS and SCHROEDER, JJ.


PER CURIAM: Tony Love appeals the district court's summary denial of his pro se K.S.A. 60-1507 motion. Originally, Love's attorney filed this appeal before the Kansas Supreme Court, which found Love's appeal was based on the denial of his K.S.A. 60-1507 motion before the district court. The Supreme Court transferred the appeal to us to resolve. On appeal, Love changed from requesting relief under K.S.A. 60-1507 to claiming his sentence for 15 years to life imprisonment was an illegal sentence. Upon examining Love's brief on appeal, we find no reviewable argument to address. We affirm.

1

In 1980, Love was sentenced to serve 15 years to life imprisonment after a jury convicted him of aggravated robbery. His conviction was affirmed by the Kansas Supreme Court on direct appeal. *State v. Love*, No. 51,999 (Kan. 1981) (unpublished opinion). In July 1993, Love was granted parole; however, it appears his parole was revoked after he was convicted of aggravated assault in 1995. But the record is unclear. See *State v. Love*, No. 114,537, 2016 WL 7324382, at *1 (Kan. App. 2016) (unpublished opinion) (affirming district court's summary denial of Love's motion to correct illegal sentence based on aggravated assault conviction).

Love filed a pro se postconviction motion in 2017 using a stock form for habeas corpus relief under K.S.A. 60-1507. The form Love used was incomplete and was missing pages 3 and 4 which generally contain the sections asking the movant to explain why he or she is seeking relief. The only ground for relief stated in the motion appeared in section 20, where Love briefly challenged the constitutional effectiveness of his counsel. He titled the document "Motion to Correct Illegal Sentences" and referenced the illegal sentence statute, K.S.A. 22-3504. Along with his motion, Love attached the district court's journal entry of judgment from his 1980 aggravated robbery conviction.

The district court summarily denied Love's motion on October 30, 2017. It found although Love referenced K.S.A. 60-1507 and K.S.A. 22-3504 in his motion, he failed to support his motion with a legal or factual basis for relief.

Originally, the attorney appointed to represent Love on appeal docketed the appeal with the Kansas Supreme Court. But the Supreme Court issued an order directing the parties to show cause why the appeal should not be transferred to our court. The Supreme Court explained it had jurisdiction to hear the appeal only if the district court treated the motion as a request for relief under K.S.A. 22-3504. After both parties responded, the

Supreme Court issued an order on December 9, 2019, finding the district court treated the motion as a request for K.S.A. 60-1507 relief and "[t]he initial appeal of a district court's ruling on a K.S.A. 60-1507 motion goes to the Court of Appeals." The appeal was transferred to us under K.S.A. 20-3018(a).

ANALYSIS

For the first time on appeal, Love claims his sentence is illegal because the district court sentenced him to the maximum sentence provided under K.S.A. 1979 Supp. 21-4501(b) without considering the statutory criteria under K.S.A. 21-4606 (1973 Weeks). But we have no jurisdiction over whether Love's sentence is illegal, and the issue over which we do have jurisdiction—whether he is entitled to K.S.A. 60-1507 relief—Love fails to brief on appeal.

In a criminal case, the jurisdiction of the Kansas Supreme Court and Court of Appeals is limited to the instances provided in K.S.A. 2019 Supp. 22-3601 and K.S.A. 2019 Supp. 22-3602. See K.S.A. 60-2101(a), (b). Under K.S.A. 2019 Supp. 22-3601(a), all criminal appeals fall within the appellate jurisdiction of the Court of Appeals unless the law requires the defendant to directly appeal to the Supreme Court. One of these exceptions to our court's original jurisdiction is found in K.S.A. 2019 Supp. 22-3601(b)(3), which requires a defendant sentenced to a maximum of life imprisonment to directly appeal to the Supreme Court. If the Supreme Court has jurisdiction over the defendant's direct appeal, then it also has jurisdiction over the defendant's motion to correct an illegal sentence under K.S.A. 2019 Supp. 22-3504. See *State v. Pennington*, 288 Kan. 599, 601, 205 P.3d 741 (2009). Love received a maximum life imprisonment sentence for his aggravated robbery conviction, so only the Supreme Court has jurisdiction to consider whether his sentence was illegal, assuming the district court construed Love's motion as a request for relief under K.S.A. 2019 Supp. 22-3504.

The Kansas Supreme Court, however, declared "the district court treated Appellant's motion as one for relief under K.S.A. 60-1507." Because K.S.A. 60-1507 actions are original civil cases and fall within the jurisdiction of the Court of Appeals, the Supreme Court transferred the appeal to us. See K.S.A. 2019 Supp. 60-1507(d); *Kirtdoll v. State*, 306 Kan. 335, 337, 393 P.3d 1053 (2017). Based on the Supreme Court's order, we must treat Love's appeal as an appeal from the summary denial of his K.S.A. 60-1507 motion. But in his brief on appeal, rather than requesting relief under K.S.A. 2019 Supp. 60-1507, Love only challenges the legality of his sentence. Because he fails to brief or argue why he is entitled to relief under K.S.A. 2019 Supp. 60-1507, he has abandoned any claim for relief under that statute. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issue not briefed deemed waived or abandoned).

Love claims we have jurisdiction to hear his illegal sentence claim for the first time on appeal because K.S.A. 2019 Supp. 22-3504(a) directs: "The court may correct an illegal sentence at any time." Kansas appellate courts have interpreted this provision to allow a defendant to challenge the legality of his or her sentence for the first time on appeal. See, e.g., *State v. Sartin*, 310 Kan. 367, 375, 446 P.3d 1068 (2019). The ability of a defendant to raise a claim for the first time on appeal, however, differs from a court's jurisdiction to hear an appeal. "Appellate jurisdiction defines our power to consider an appeal *at all*, regardless of the issues raised." *State v. McCroy*, 57 Kan. App. 2d 643, 458 P.3d 988, 992 (2020). K.S.A. 2019 Supp. 22-3504 itself does not vest an appellate court with jurisdiction. Rather, under K.S.A. 2019 Supp. 22-3601(b)(3), Love can only challenge the legality of his sentence before the Supreme Court.

Because Love abandoned his claim for relief under K.S.A. 60-1507, we affirm the district court's summary denial of his motion.

Affirmed.

4