IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,395

THOMAS J. DRENNAN JR.,
*Appellant,*

v.

STATE OF KANSAS,
*Appellee.*

SYLLABUS BY THE COURT

*Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), was a substantive change in the law, not merely an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed March 25, 2022. Affirmed.

*Wendie C. Miller*, of Kechi, and *Roger L. Falk*, of Law Office of Roger L. Falk, P.A., of Wichita, were on the briefs for appellant.

*Matt J. Maloney*, assistant district attorney, *Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

STEGALL, J.: In 2003, a jury convicted Thomas J. Drennan Jr. of the first-degree murder of his girlfriend. The trial court sentenced Drennan to a hard 50 life sentence, and we affirmed both Drennan's conviction and sentence in 2004. *State v. Drennan*, 278 Kan. 704, 101 P.3d 1218 (2004). In the years since, Drennan has filed multiple collateral

1

attacks on his sentence and conviction. Two of those attacks—Drennan's third K.S.A. 60-1507 motion and his K.S.A. 22-3504 motion—are the subject of this action. In those motions, Drennan alleges that his hard 50 sentence is both unconstitutional and illegal, and must be set aside. His 60-1507 motion argues that his sentence was unconstitutional when it was pronounced under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and that this court's failure to subsequently correct his sentence violates K.S.A. 2020 Supp. 21-6628(c) (formerly K.S.A. 21-4639). For similar reasons he also claims his sentence is illegal. But because Drennan's 60-1507 motion is untimely and successive—and his sentence is not illegal—we affirm the district court's denial of each motion.

FACTS

On the morning of August 19, 2002, Drennan strangled his girlfriend Shelbree Wilson to death with an electrical fan cord inside of her home. The details of the crime are recited at length in our earlier decision affirming Drennan's conviction. *Drennan*, 278 Kan. at 708-11. As the facts are not relevant to the instant action, they are not repeated here.

In 2005, Drennan filed his first 60-1507 motion alleging ineffective assistance of counsel. That motion was denied. *Drennan v. State*, No. 102,090, 2010 WL 4393915 (Kan. App. 2010) (unpublished opinion). In 2011, Drennan filed a second 60-1507 motion alleging ineffective assistance of counsel in pursuing his first 60-1507 motion. This motion was also denied. *Drennan v. State*, 108,756, 2013 WL 6726181 (Kan. App. 2013) (unpublished opinion). Drennan's petition for review from the denial of his second motion was likewise denied. *Drennan v. State*, 301 Kan. 1045 (2015).

2

While Drennan's petition for review was pending, he filed a third 60-1507 motion, proceeding pro se, alleging that his sentence was unconstitutional and illegal. In addition, he filed a separate 22-3504 motion to correct an illegal sentence. The district court denied both Drennan's 60-1507 motion and his 22-3504 motion. Drennan appealed. See *State v. Pennington*, 288 Kan. 599, 205 P.3d 741 (2009) (jurisdiction over motion to correct illegal sentence appeal lies with court that had jurisdiction to hear original appeal).

## DISCUSSION

The issues in this case concern questions of statutory interpretation and constitutional law, all of which are subject to unlimited review. *State v. Appleby*, 313 Kan. 352, 354, 485 P.3d 1148 (2021). Drennan has presented two distinct challenges to his sentence using two procedural mechanisms: (1) proceeding under K.S.A. 60-1507, he claims his sentence is unconstitutional because, according to Drennan, his hard 50 sentence was unconstitutional when pronounced based on *Apprendi*; and (2) proceeding under K.S.A. 22-3504, he claims his sentence is illegal because, assuming his sentence was unconstitutional under *Apprendi*, it is now in violation of K.S.A. 2020 Supp. 21-6628(c) (formerly K.S.A. 21-4639). The district court ruled that Drennan's motions were procedurally barred as untimely and successive.

K.S.A. 60-1507 grants a court jurisdiction to consider a collateral attack on an unconstitutional sentence. *Appleby*, 313 Kan. at 356. A movant must typically file this motion within the first year following the conclusion of a direct appeal, and successive motions are not generally permitted. Limited exceptions apply if the movant can demonstrate exceptional circumstances or if the court finds it necessary to lift the procedural bar to prevent manifest injustice. K.S.A. 2020 Supp. 60-1507(c), (f); 313 Kan. at 356-57.

Drennan filed his third 60-1507 motion more than nine years after the conclusion of his final appeal and after he had filed two previous 60-1507 motions. He first claimed that his motion was timely because he filed his third motion while his second motion was pending before this court on a petition for review. However, as the Court of Appeals explained when denying Drennan's second motion as untimely, the statute's plain language does not allow an extension of time for a "collateral attack of a collateral attack." *Drennan*, 2013 WL 6726181, at *5.

Drennan cites to *Rowell v. State*, 60 Kan. App. 2d 235, 490 P.3d 78 (2021), to argue this particular type of collateral attack is an exception. In *Rowell*, the Court of Appeals allowed for an extension of the one-year time limitation on a second 60-1507 motion to permit the defendant to challenge the effectiveness of his counsel for his first 60-1507 motion. 60 Kan. App. 2d at 237-41. However, *Rowell* is factually inapplicable, given that Drennan's third 60-1507 motion attacks a wholly unique issue (unconstitutional sentence) having nothing to do with his second 60-1507 motion (ineffective assistance of counsel).

Alternatively, Drennan argues that we should allow his untimely third motion to avoid a manifest injustice. But we have already addressed this issue in *Kirtdoll v. State*, 306 Kan. 335, 341, 393 P.3d 1053 (2017). "[F]or 60-1507 motions to be considered hereafter, *Alleyne*'s prospective-only change in the law cannot provide the exceptional circumstances that would justify a successive 60-1507 motion or the manifest injustice necessary to excuse the untimeliness of a 60-1507 motion." *Appleby*, 313 Kan. at 357 (quoting *Kirtdoll*, 306 Kan. at 341).

Finally, Drennan claims that because he filed his 60-1507 motion pro se, we should interpret it by its substance and not its form. See *State v. Coleman*, 312 Kan. 114, 120, 472 P.3d 85 (2020). In doing so, Drennan argues that we should construe his motion

as one under K.S.A. 2020 Supp. 22-3504(a), which, by its own terms, may be filed at "any time." But Drennan also filed a motion under K.S.A. 22-3504, and we reach the merits of that motion below. Whether his 60-1507 motion ought to be construed as one under K.S.A. 22-3504 is therefore a moot question. Accordingly, we affirm the district court's denial of Drennan's 60-1507 motion for being untimely and successive.

A motion to correct an illegal sentence filed under K.S.A. 22-3504 can be heard at any time, so we will consider the merits of Drennan's illegal sentence claim. K.S.A. 2020 Supp. 22-3504(a). The legality of a sentence is determined at the time it is pronounced. *State v. Murdock*, 309 Kan. 585, Syl., 439 P.3d 307 (2019). "Illegal sentence" means a sentence that is:

> "Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced. *A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced.*" (Emphasis added.) K.S.A. 2020 Supp. 22-3504(c)(1).

Drennan argues that his hard 50 sentence is illegal and has been since it was pronounced in 2003 under *Apprendi*, *Alleyne*, and *Soto*. See *Apprendi*, 530 U.S. 466; *Alleyne v. United States*, 570 U.S. 99, 116-17, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013); *State v. Soto*, 299 Kan. 102, Syl. ¶ 9, 322 P.3d 334 (2014). Drennan reasons that his sentence was unconstitutional when pronounced and must therefore be modified under K.S.A. 2020 Supp. 21-6628(c) (formerly K.S.A. 21-4639). If it is not modified, Drennan reasons, it must therefore be illegal.

We have recently summarized the caselaw that serves as the basis for Drennan's argument:

5

"*Coleman* began with a discussion of *Apprendi*, 530 U.S. 466. In *Apprendi*, the United States Supreme Court held that any fact other than the existence of a prior conviction 'that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' 530 U.S. at 490. That holding applied explicitly only to the determination of statutory *maximum* sentences and, that same year, this court declined to extend the *Apprendi* rule to findings made by a district court judge before imposing a mandatory minimum . . . . See *State v. Conley*, 270 Kan. 18, 11 P.3d 1147 (2000) (relying on *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S. Ct. 2411, 91 L. Ed. 2d 67 [1986]).

"Two years later, the United States Supreme Court walked the line between *Apprendi* and *McMillan* by characterizing a judge's finding that a defendant possessed, brandished, or discharged a firearm during the commission of an offense as a judicial sentencing factor rather than an element of the crime. *Harris v. United States*, 536 U.S. 545, 556, 122 S. Ct. 2406, 153 L. Ed. 2d 524 (2002). And that year, the Supreme Court held unconstitutional Arizona's capital sentencing statutes that allowed a judge to find and balance mitigating circumstances in determining whether to impose a death sentence. *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002).

"Ten years later, the United States Supreme Court overruled *Harris* in *Alleyne*. The Court found 'no basis in principle or logic to distinguish facts that raise the maximum from those that increase the minimum.' *Alleyne*, 570 U.S. at 116. Thus, the Court held that any fact that increases the minimum sentence must 'be submitted to the jury and found beyond a reasonable doubt.' 570 U.S. at 116.

"This court extended *Alleyne* to Kansas' hard 50 sentencing statutes (hard 40 for crimes committed before July 1, 1999) in *Soto*, 299 Kan. at 122-24. We later held the rule of law declared in *Alleyne* cannot be applied retroactively to invalidate a sentence that was final before the date of the *Alleyne* decision. *Kirtdoll v. State*, 306 Kan. 335, Syl. ¶ 1, 393 P.3d 1053 (2017)." *State v. Trotter*, 313 Kan. 365, 367-68, 485 P.3d 649 (2021).

6

Drennan tries to distinguish his argument from our *Kirtdoll* precedent by arguing that *Alleyne* is merely an extension of *Apprendi*, rendering his hard 50 sentence illegal when pronounced. This is not the law. Chief Justice Luckert recently wrote separately to expressly reject this argument, and we adopted that language in our recent decision *State v. Bedford*, 314 Kan. 596, 599-600, 502 P.3d 107 (2022).

> "[Defendant] makes an argument that could avoid or change the *Kirtdoll* holding, however. He contends his request for relief is based not on *Alleyne* but on *Apprendi*, which the United States Supreme Court decided before he was sentenced. He asserts we need not apply *Alleyne* retroactively to provide him relief.

> "His argument requires a conclusion that *Alleyne* was a mere extension of *Apprendi*. But, as discussed in *Coleman*, it was not. See *Coleman*, 312 Kan. at 117-19. The United States Supreme Court itself, after deciding *Apprendi*, affirmed a sentence that imposed a mandatory minimum based on judicial fact-finding—exactly the circumstance here. *Harris v. United States*, 536 U.S. 545, 122 S. Ct. 2406, 153 L. Ed. 2d 524 (2002). *Harris* remained the law until the Court overturned it in *Alleyne*. See *Alleyne*, 570 U.S. at 116. Had *Harris* merely been an extension of *Apprendi*, the Court could have simply distinguished it in *Alleyne*. Instead, it overruled the holding and thus changed the law. [Defendant's] argument is thus unpersuasive." *Appleby*, 313 Kan. at 363-64 (Luckert, C.J., concurring).

We agree. Drennan's argument that *Alleyne* simply extended *Apprendi* overlooks the fact that *Alleyne* not only extended *Apprendi*, but expressly overruled post-*Apprendi* contrary precedent in doing so. Given this, Drennan's sentence was not unconstitutional when pronounced. In *Alleyne*, the United States Supreme Court changed the law after Drennan had been sentenced.

Moreover, our caselaw makes it clear that K.S.A. 2020 Supp. 21-6628(c) does not apply to sentences which were lawful under *Apprendi* but which may violate the subsequent change in law announced in *Alleyne*. As we explained in *Coleman*:

7

"[K.S.A. 2019 Supp. 21-6628(c)] is a fail-safe provision. By its clear and unequivocal language it applies only when the term of imprisonment or the statute authorizing the term of imprisonment are found to be unconstitutional. Neither circumstance has occurred.

"The statute under which the district court in Coleman's case found the existence of aggravating factors necessary to impose a hard 40 life sentence, K.S.A. 21-4635, was not a statute authorizing his hard 40 life sentence. Instead, it was part of the procedural framework by which the enhanced sentence was determined. His hard 40 life sentence was authorized by virtue of his commission of premeditated first-degree murder, an offense qualifying for such sentence under Kansas law.

"And regarding Coleman's term of imprisonment itself, *Kansas' hard 40 and hard 50 sentences have never been determined to be categorically unconstitutional.* This court continues to uphold such sentences in appropriate cases. And such sentences continue to be imposed in qualifying cases in Kansas. [Citations omitted.]" (Emphasis added.) 312 Kan. at 124.

In other words, "'a sentence imposed in violation of *Alleyne* does not fall within the definition of an "illegal sentence" that may be addressed by K.S.A. 22-3504.'" *Appleby*, 313 Kan. at 361 (Luckert, C.J., concurring) (quoting *Coleman*, 312 Kan. at 120). We continue to uphold *Coleman* and reject arguments that this analysis disregards the plain language of K.S.A. 2020 Supp. 21-6628(c). See *Trotter*, 313 Kan. at 370-71; *State v. Johnson*, 313 Kan. 339, 344-45, 486 P.3d 544 (2021); *Appleby*, 313 Kan. at 357-58; *State v. Hill*, 313 Kan. 1010, 1017, 492 P.3d 1190 (2021). Accordingly, we affirm the district court's denial of Drennan's motion to correct an illegal sentence under 22-3504.

Affirmed.