NOT DESIGNATED FOR PUBLICATION

No. 126,784

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DALE M.L. DENNEY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Submitted without oral argument. Opinion filed August 9, 2024. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., ATCHESON and CLINE, JJ.

CLINE, J.: Dale M.L. Denney appeals from the district court's summary denial of his latest K.S.A. 60-1507 motion. After reviewing the record and parties' arguments, we see no error in this decision. Denney's motion was untimely since it was filed well outside the applicable one-year deadline under K.S.A. 2023 Supp. 60-1507(f), and Denney has offered no exceptional circumstances to warrant its consideration. We affirm the district court's order of dismissal.

1

Over three decades ago, in 1993, a jury convicted Denney of several sex and weapons crimes in two cases that were consolidated for trial. The district court sentenced him to 228 months' imprisonment in case No. 93CR1268 and 36 years to life in case No. 93CR1343 to run consecutive. He also received 24 months' postrelease supervision. The Kansas Supreme Court affirmed Denney's convictions in 1995, and the mandate issued February 8, 1996. *State v. Denney*, 258 Kan. 437, 905 P.2d 657 (1995).

Denney has filed many postconviction motions and appealed several district court decisions about his consolidated cases. See *State v. Denney*, No. 110,336, 2015 WL 326432, at *1 (Kan. App.) (unpublished opinion) (listing many of Denney's appeals to that point). In this appeal, Denney challenges the district court's denial of his latest K.S.A. 60-1507 motion. But since one of Denney's earlier motions to correct an illegal sentence is also relevant, both motions are described here:

- On December 17, 2021, Denney filed a pro se motion to correct an illegal sentence asserting that his convictions in his consolidated cases represented a "single conviction event" for sentencing purposes, citing *State v. Riley*, 259 Kan. 774, 915 P.2d 774 (1996). Denney claimed this meant that his sentences violated the "double rule" under K.S.A. 1993 Supp. 21-4703(c) of the Kansas Sentencing Guidelines Act (the Guidelines). In a supplemental filing, Denney added that his sentence also violated the double rule under *State v. Dixon*, 60 Kan. App. 2d 100, 492 P.3d 455 (2021).

- On July 18, 2022, Denney filed a pro se K.S.A. 60-1507 motion—this is his fourth K.S.A. 60-1507 motion and the subject of this appeal. It repeats the same arguments presented in his motion to correct an illegal sentence about the double rule. Denney filed a memorandum of facts and law in support of this motion a few

days later, adding citations to *Riley* and *Dixon*. Denney asserted that this motion was timely based on a 2022 amendment under K.S.A. 60-1507(f)(1)(C), allowing for K.S.A. 60-1507 motions to be filed within one year of a previous K.S.A. 60-1507 motion. Denney acknowledged that his motion was successive, but he argued that exceptional circumstances demanded review of his motion since the district court had not ruled on his motion to correct an illegal sentence that had been pending for six months.

The district court denied both motions, finding none of Denney's arguments persuasive.

The district court summarily denied Denney's K.S.A. 60-1507 motion as untimely and successive. The court observed that Denney had until July 1, 2004, to file a timely K.S.A. 60-1507 motion because of a 2003 amendment reflected in K.S.A. 60-1507(f). And the court rejected Denney's argument that K.S.A. 2023 Supp. 60-1507(f)(1)(C) applied to extend this deadline since the Legislature intended for that amendment to prolong the time to bring a K.S.A. 60-1507 motion only to challenge the effectiveness of a previous K.S.A. 60-1507 attorney. The court also found Denney's motion successive under K.S.A. 60-1507(c) (considering his three earlier K.S.A. 60-1507 motions) and was not compelled to consider it due to any exceptional circumstances.

The district court denied Denney's motion to correct an illegal sentence about two weeks after it denied his K.S.A. 60-1507 motion. In its journal entry, the court fully addressed Denney's arguments about the double rule, which it did not reach in its decision dismissing Denney's K.S.A. 60-1507 motion since it was procedurally barred. Denney has filed a notice of appeal of that decision in *State v. Denney*, case No. 127,469.

Denney appeals from the district court's dismissal of his latest K.S.A. 60-1507 motion.

This court has unlimited review over a K.S.A. 60-1507 motion that was summarily dismissed or denied, like Denney's was here. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007). This is because an appellate court is in the same position as the district court to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." K.S.A. 2023 Supp. 60-1507(b); see *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

*Denney's motion was untimely, and K.S.A. 2023 Supp. 60-1507(f)(1)(C) does not apply to extend the deadline.*

In general, a K.S.A. 60-1507 motion must be brought within one year of the final appellate mandate in a person's direct appeal. K.S.A. 2023 Supp. 60-1507(f); Supreme Court Rule 183(c)(4) (2024 Kan. S. Ct. R. at 241). But for individuals like Denney, whose claims arose before this time limitation took effect, the deadline for filing a timely K.S.A. 60-1507 motion was June 30, 2004. See L. 2003, ch. 65, § 1; *Noyce v. State*, 310 Kan. 394, 399, 447 P.3d 355 (2019). A court must dismiss a K.S.A. 60-1507 motion if "upon its own inspection of the motions, files and records of the case, [it] determines the time limitations under this section have been exceeded and that the dismissal of the motion would not equate with manifest injustice." K.S.A. 2023 Supp. 60-1507(f)(3).

As mentioned above, the one-year deadline to bring a K.S.A. 60-1507 motion may be extended only to prevent a manifest injustice. See K.S.A. 2023 Supp. 60-1507(f)(2)-(f)(3). Under K.S.A. 2023 Supp. 60-1507(f)(2)(A), courts may consider only two issues when determining whether dismissal would result in a manifest injustice: (1) why a movant failed to file the motion within the one-year time limitation or (2) whether the prisoner makes a colorable claim of actual innocence. The movant—here, Denney—must show by a preponderance of the evidence that manifest injustice would result without an

extension of the deadline based on either of these issues. See Supreme Court Rule 183(g); *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018).

As the district court observed, the mandate in Denney's direct appeal issued in 1996. But since his claim about the double rule preexisted the 2003 statutory amendment imposing the one-year deadline enacted on July 1, 2003, Denney had until June 30, 2004, to file a timely K.S.A. 60-1507 motion. See *Noyce*, 310 Kan. at 399. In the district court's order, it incorrectly stated that Denney had until July 1, 2004, to file his motion. That was error. The accurate deadline was June 30, 2004. But this does not change that Denney's motion was filed on July 18, 2022—many years after the one-year deadline expired.

Still, Denney maintains that his motion was timely under K.S.A. 2023 Supp. 60-1507(f)(1)(C) because he filed it within one year of November 4, 2021, which is when he brought a previous K.S.A. 60-1507 motion. See *Denney v. State*, No. 124,883, 2023 WL 3402876 (Kan. App. 2023) (unpublished opinion) (affirming denial of Denney's previous K.S.A. 60-1507 motion), *rev. denied* 318 Kan. __ (February 2, 2024). Denney is mistaken.

It is true that on July 1, 2022, the Legislature amended K.S.A. 60-1507(f)(1), adding that a K.S.A. 60-1507 motion can be filed within one year of "the decision of the district court denying a prior motion under this section, the opinion of the last appellate court in this state to exercise jurisdiction on such prior motion or the denial of the petition for review on such prior motion, whichever is later." K.S.A. 2023 Supp. 60-1507(f)(1)(C). But this amendment does not apply to extend the time for Denney to file his current motion since the Legislature intended for it to apply only to claims of ineffective assistance of counsel against an earlier K.S.A. 60-1507 attorney—a claim Denney does not raise.

In *Rowell v. State*, 60 Kan. App. 2d 235, 237-41, 490 P.3d 78 (2021), a panel of this court found Rowell's second K.S.A. 60-1507 motion timely—although it was filed outside the one-year time frame—because it challenged the effectiveness of Rowell's first K.S.A. 60-1507 attorney. As the *Rowell* panel put it: "'Barring a claim before it arose clearly would constitute a manifest injustice warranting an extension of the 1-year limitation period in which to file a second motion under K.S.A. 60-1507 *for the purpose of challenging appellate representation in the preceding 60-1507 proceeding.*'" (Emphasis added.) 60 Kan. App. 2d at 240-41. The panel explained that "[t]o do otherwise would deprive a movant of any way to raise a claim of ineffectiveness of 60-1507 counsel." 60 Kan. App. 2d at 241. This case was decided roughly one year before the K.S.A. 60-1507(f)(1)(C) amendment took effect on July 1, 2022.

Denney acknowledges that his latest K.S.A. 60-1507 motion does not argue that an attorney who handled his previous K.S.A. 60-1507 motion was ineffective. But he asserts that unlike *Rowell*, the plain language of K.S.A. 2023 Supp. 60-1507(f)(1)(C) does not limit the time extension to ineffective assistance of counsel claims against prior habeas attorneys. According to Denney, the Legislature intended that any claim may be raised under K.S.A. 2023 Supp. 60-1507(f)(1)(C). Denney's argument fails for at least two reasons.

First, it does not make practical sense. As the district court noted: "Interpreting the amendment in subsection C as Denney wishes would allow a continuous, never-ending stream of 1507 Motions by a convicted person, one after another, with each one authorized by the denial of the previous 1507, which would contradict the time limitations set out in 60-1507(f)(1)(A) and (B)." In his appellate reply brief, Denney briefly asserts that this argument is defeated by the discussion on fiscal information in H.B. 2607 (Time Limitations for Habeas Corpus Motions), which states that "the bill[] . . . would *add* another time limit on how long a criminal defendant has to file a habeas action, and because of that additional time limit, it is possible that fewer criminal cases

would be filed." This comment is a bit confusing. Still, Denney's argument misses the mark because, as explained next, the comment referred to K.S.A. 60-1507(f)(1)(C) only applying to ineffective assistance of counsel claims against an earlier K.S.A. 60-1507 attorney—not to all claims as Denney suggests.

Second, as both the State and Denney acknowledge, the legislative history for H.B. 2607 states: "[T]he bill would close an inadvertent loophole and remedy a lack of clarity regarding subsequent K.S.A. 60-1507 motions claiming ineffective counsel by mirroring time calculations in the federal *habeas* process, and the bill would codify a recent Kansas Court of Appeals decision, *Rowell v. State*." And as earlier mentioned, *Rowell* was about extending the one-year filing deadline for the narrow purpose of allowing a person to bring claims of ineffective assistance of counsel against an attorney who represented them on a previous K.S.A. 60-1507 motion.

Thus, there is no question that K.S.A. 2023 Supp. 60-1507(f)(1)(C) applies only to prolong the one-year time frame to bring ineffective assistance of counsel claims against a previous K.S.A. 60-1507 attorney and is inapplicable to Denney's motion.

Since Denney's motion was brought well outside the one-year window in K.S.A. 60-1507(f), he has the burden to show that consideration of his untimely motion is warranted under one of the considerations in K.S.A. 2023 Supp. 60-1507(f)(2)(A). See *White*, 308 Kan. at 496. If he does not demonstrate manifest injustice, Kansas law requires that his motion be dismissed. K.S.A. 2023 Supp. 60-1507(f)(3). Denney has not shown that either consideration applies.

In his appellate brief, Denney maintains that his motion is timely, and thus he does not present any argument about manifest injustice. But in his reply brief, Denney changes course and argues that the logic in *Rowell* applies to his case because the argument he raised in his K.S.A. 60-1507 motion about his pending motion to correct an illegal

7

sentence had not yet arisen when the one-year deadline expired, and it would be a manifest injustice to bar it.

Denney fails to acknowledge that he did not make this argument about his pending motion as a claim in his K.S.A. 60-1507 motion—he only raises it as an exceptional circumstance to justify consideration of his successive motion. And regardless, Denney reads *Rowell* too broadly. Denney is correct that *Rowell* found that barring a claim before it arose would constitute a manifest injustice, but only as it applies to ineffective assistance of counsel claims against an earlier K.S.A. 60-1507 attorney. See *Crawford v. State*, No. 125,720, 2023 WL 5811494, at *2 (Kan. App. 2023) (unpublished opinion) (*Rowell* did not apply because "we are not dealing with claims of ineffective habeas corpus counsel in this motion."); see also *Drennan v. State*, 315 Kan. 228, 230, 506 P.3d 277 (2022) (*Rowell* did not apply because Drennan's third K.S.A. 60-1507 motion raised a sentencing issue, not the effectiveness of his second K.S.A. 60-1507 attorney). And Denney raises no claim of actual innocence.

The district court correctly dismissed Denney's motion as untimely since it was filed well outside the one-year deadline in K.S.A. 60-1507(f). Since we find his motion is untimely, we need not address whether it is also successive. See *Denney*, 2023 WL 3402876, at *4 ("Because we have already determined that these five issues were untimely, and thus affirm the district court's judgment on that basis, we need not consider further whether they were also successive.").

Affirmed.

* * *

8

ATCHESON, J., concurring: I concur in the result and, therefore, agree that Dale M.L. Denney has not shown he is entitled to any relief in this plainly untimely and successive motion under K.S.A. 60-1507.